



CLOSED

## U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CIVIL DOCKET FOR CASE #: 2:08-cv-01066-WJM-CCC
## Internal Use Only

HERRERA v. WYETH et al
Assigned to: Judge William J. Martini
Referred to: Magistrate Judge Claire C. Cecchi
Cause: 29:1132 E.R.I.S.A.-Employee Benefits

Date Filed: 02/27/2008
Date Terminated: 05/15/2008
Jury Demand: None
Nature of Suit: 791 Labor: E.R.I.S.A.
Jurisdiction: Federal Question

### Plaintiff

**CARLOS M. HERRERA**
*On behalf of himself And all Others*
*Similarly Situated*

represented by **JENNIFER SARNELLI**
LITE, DEPALMA, GREENBERG &
RIVAS, LLC
TWO GATEWAY CENTER
12TH FLOOR
NEWARK, NJ 07102
(973) 632.3000
Fax: (973).923.0858
Email: jsarnelli@ldgrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH J. DEPALMA**
LITE, DEPALMA, GREENBERG &
RIVAS, LLC
TWO GATEWAY CENTER
12TH FLOOR
NEWARK, NJ 07102-5003
(973) 623-3000
Email: jdepalma@ldgrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**WYETH**

represented by **MITCHELL W. TARASCHI**
CONNELL FOLEY
85 LIVINGSTON AVENUE
ROSELAND, NJ 07068
973-535-0500
Email: mtaraschi@connellfoley.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**WYETH SAVINGS PLAN
COMMITTEE**

represented by **MITCHELL W. TARASCHI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**WYETH SAVINGS PLAN-PUERTO
RICO COMMITTEE**

represented by **MITCHELL W. TARASCHI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**WYETH RETIREMENT
COMMITTEE**

represented by **MITCHELL W. TARASCHI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ROBERT ESSNER**

represented by **MITCHELL W. TARASCHI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BERNARD POUSSOT**

represented by **MITCHELL W. TARASCHI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**PAUL J. JONES**

represented by **MITCHELL W. TARASCHI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**KENNETH J. MARTIN**

represented by **MITCHELL W. TARASCHI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**RENE R. LEWIN**

represented by **MITCHELL W. TARASCHI**
(See above for address)
*LEAD ATTORNEY*

ATTORNEY TO BE NOTICED

**Defendant**

**LAWRENCE STEIN**                    represented by **MITCHELL W. TARASCHI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARY KATHERINE WOLD**               represented by **MITCHELL W. TARASCHI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**KAREN L. LING**                     represented by **MITCHELL W. TARASCHI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNKNOWN FIDUCIARY
DEFENDANTS 1-30**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 02/27/2008 | 1 | COMPLAINT against RENE R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING, UNKNOWN FIDUCIARY DEFENDANTS 1-30, WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN ( Filing fee $ 350 receipt number 1881781.), filed by CARLOS M. HERRERA. (Attachments: # 1 COMPLAINT PART 2, # 2 CERT NON-ARB, # 3 CIV COV SHT, # 4 SUMMONS)(dr, ) (Entered: 02/29/2008) |
| 02/29/2008 | 2 | Summons Issued as to RENE R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING, WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN. Days Due - 20. mld to counsel(dr, ) (Entered: 03/03/2008) |
| 03/10/2008 | 3 | SUMMONS Returned Executed by CARLOS M. HERRERA. RENE R. LEWIN served on 3/5/2008, answer due 3/25/2008; LAWRENCE STEIN served on 3/5/2008, answer due 3/25/2008; MARY KATHERINE WOLD served on 3/5/2008, answer due 3/25/2008; KAREN L. LING served on 3/5/2008, answer due 3/25/2008; WYETH served on 3/5/2008, answer due 3/25/2008; WYETH SAVINGS PLAN COMMITTEE served on 3/5/2008, answer due 3/25/2008; WYETH SAVINGS PLAN-PUERTO RICO |

| | | |
|---|---|---|
| | | COMMITTEE served on 3/5/2008, answer due 3/25/2008; WYETH RETIREMENT COMMITTEE served on 3/5/2008, answer due 3/25/2008; ROBERT ESSNER served on 3/5/2008, answer due 3/25/2008; BERNARD POUSSOT served on 3/5/2008, answer due 3/25/2008; PAUL J. JONES served on 3/5/2008, answer due 3/25/2008; KENNETH J. MARTIN served on 3/5/2008, answer due 3/25/2008. (DEPALMA, JOSEPH) (Entered: 03/10/2008) |
| 03/20/2008 | 4 | NOTICE of Appearance by JENNIFER SARNELLI on behalf of CARLOS M. HERRERA (SARNELLI, JENNIFER) (Entered: 03/20/2008) |
| 03/25/2008 | 5 | Proposed Pretrial Order *and Stipulation* by RENE R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING, WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN. (TARASCHI, MITCHELL) (Entered: 03/25/2008) |
| 04/14/2008 | 6 | LETTER-ORDER OF RECUSAL. Judge Magistrate Judge Mark Falk recused. Case reassigned to Judge Magistrate Judge Claire C. Cecchi for all further proceedings. Signed by Magistrate Judge Mark Falk on 4/11/08. (DD, ) (Entered: 04/14/2008) |
| 04/14/2008 | 7 | STIPULATION and Order permitting Defendant's to file their response within 45 days of March 25, 2008. Signed by Judge William J. Martini on 4/14/08 (gh, ) (Entered: 04/15/2008) |
| 05/09/2008 | 8 | Joint MOTION to Transfer Case to United States District Court for the Southern District of New York by RENE R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING, WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN. (Attachments: # 1 Brief, # 2 Affidavit of Michael J. Chepiga, # 3 Text of Proposed Order)(TARASCHI, MITCHELL) (Entered: 05/09/2008) |
| 05/09/2008 | 9 | STIPULATION *AND ORDER REGARDING ANSWER* by RENE R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING, WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN. (TARASCHI, MITCHELL) (Entered: 05/09/2008) |
| 05/12/2008 | | CLERKS QUALITY CONTROL MESSAGE - A (CERTIFICATE OF SERVICE)was not submitted with (MOTION TO TRANSFER - Doc. #8) submitted by (M. TARASCHI) on (5/9/08). PLEASE SUBMIT THE MISSING DOCUMENT(S) ONLY.. (DD, ) (Entered: 05/12/2008) |
| 05/12/2008 | 10 | Certification of Service on behalf of RENE R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING, WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, |

| | | ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN Re 8 Motion to Transfer Case,. (TARASCHI, MITCHELL) (Entered: 05/12/2008) |
| 05/15/2008 | 11 | STIPULATION AND ORDER re: motion to transfer case, etc. Signed by Judge William J. Martini on 5/12/08. (jd, ) (Entered: 05/15/2008) |
| 05/15/2008 | 12 | ORDER that the parties joint motion to transfer case to the Southern District of New York is Granted, etc.. Signed by Judge William J. Martini on 5/12/08. (jd, ) (Entered: 05/15/2008) |
| 05/15/2008 | | ***Civil Case Terminated. (jd, ) (Entered: 05/15/2008) |

Certified as a true copy on
The Date   5-15-08
By Ane Oille Monache
( ) Clerk
( y ) Deputy

**LITE DEPALMA GREENBERG & RIVAS, LLC**
Joseph J. DePalma
Katrina Carroll
Two Gateway Center, 12th Floor
Newark, NJ 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
Email: jdepalma@dgrlaw.com
    kcarroll@ldgrlaw.com

*Attorneys for Plaintiff*
[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

*DOCUMENT ELECTRONICALLY FILED*

| | |
|---|---|
| CARLOS M. HERRERA, On Behalf of Himself And All Others Similarly Situated, | **Civil Action:** |
| Plaintiff, | |
| vs. | |
| WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN – PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS 1-30, | |
| Defendants. | |

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA")**

Plaintiff, residing at 12 Hoffman Drive, Hamilton New Jersey, alleges as follows on

behalf of himself and all other similarly situated participants (the "Participants") in the Wyeth

170935 v1

Savings Plan (the "Savings Plan"), Wyeth Union Savings Plan (the "Union Plan"), and the Wyeth Savings Plan – Puerto Rico (the "Savings Plan PR") (all three plans are collectively referred to herein as the "Plans"):

## INTRODUCTION

1.    This is a class action brought pursuant to § 502 of ERISA, 29 U.S.C. § 1132, against the Plans' fiduciaries, including Wyeth ("Wyeth" or the "Company"), on behalf of Participants in and beneficiaries of the Plans.

2.    Throughout the Class Period (January 31, 2006 to the present), the Plans invested in Wyeth common stock ("Wyeth Stock" or "Company Stock") which was offered as one of the investment alternatives in the Plans.

3.    Plaintiff's claims arise from the failure of Defendants, who are the Plans' fiduciaries, to act solely in the interest of the Participants and beneficiaries of the Plans, and to exercise the skill, care, prudence, and diligence in administering the Plans and the Plans' assets during the Class Period, as is required by ERISA.

4.    This action is brought on behalf of the Plans and seeks losses to the Plans for which Defendants are personally liable pursuant to ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a)(2).  In addition, under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Plaintiff seeks other equitable relief from Defendants, including, without limitation, injunctive relief, constructive trust, restitution, and other monetary relief.

5.    As a result of Defendants' fiduciary breaches, as hereinafter enumerated and described, the Plans have suffered substantial losses, resulting in the depletion of millions of dollars of the retirement savings and anticipated retirement income of the Plans' Participants.

Under ERISA, the breaching fiduciaries are obligated to restore to the Plans the losses resulting from their fiduciary breaches.

6.     Because Plaintiff's claims apply to the Participants and beneficiaries as a whole, and because ERISA authorizes Participants such as Plaintiff to sue for plan-wide relief for breach of fiduciary duty, Plaintiff brings this as a class action on behalf of all Participants and beneficiaries of the Plans during the Class Period.  Plaintiff also brings this action as a participant on behalf of the Plans seeking plan-wide relief for breach of fiduciary duty.

7.     Because the information and documents on which Plaintiff's claims are based are, for the most part, solely in Defendants' possession, certain of Plaintiff's allegations are made by necessity upon information and belief.

8.     At such time as Plaintiff has had the opportunity to conduct additional discovery, Plaintiff will, to the extent necessary and appropriate, further amend the Complaint, or, if required, seek leave to amend to add such other additional facts as are discovered that further support each of the following Counts below.

## JURISDICTION AND VENUE

9.     *Subject Matter Jurisdiction.*  This is a civil enforcement action for breach of fiduciary duty brought pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a).  This Court has original, exclusive subject matter jurisdiction over this action pursuant to the specific jurisdictional statute for claims of this type, ERISA § 502(e)(l), 29 U.S.C. § 1132(e)(l).  In addition, this Court has subject matter jurisdiction pursuant to the general jurisdictional statute for "civil actions arising under the . . . laws . . . of the United States."  28 U.S.C. § 1331.

10.     ***Personal Jurisdiction***.  ERISA provides for nation-wide service of process, ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).  All of Defendants are residents of the United States, and this Court therefore has personal jurisdiction over them.  This Court also has personal jurisdiction over them pursuant to Fed. R. Civ. P. 4(k)(l)(A), because they all would be subject to the jurisdiction of a court of general jurisdiction in this District.

11.     ***Venue***.  Venue is proper in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because (i) Wyeth is headquartered in this District (ii) Wyeth conducts business in this District (iii) Wyeth administers the Plans in this District and (iv) a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### Plaintiff

12.     Plaintiff Carlos M. Herrera is a resident of the State of New Jersey.  Plaintiff is a former Wyeth employee and is a participant in the Savings Plan.

### Defendants

13.     Defendant Wyeth is located in Madison, New Jersey.

14.     Wyeth is the sponsor of each of the Plans.

15.     Throughout the Class Period, Wyeth's responsibilities included, along with its officers, directors and executives, broad oversight of and ultimate decision-making authority respecting the management and administration of the Plans and the Plans' assets, as well as the appointment, removal, and, thus, monitoring of other fiduciaries of the Plans that it appointed, or to whom it assigned fiduciary responsibility.

16.     Throughout the Class Period, the Company exercised discretionary authority with respect to management and administration of the Plans and/or management and disposition of the Plans' assets.

17.     Through its Board of Directors or otherwise, Wyeth had the authority and discretion to hire and terminate the officers, employees and committee members who had the authority and discretion to appoint, monitor, and remove officers and employees in their individual fiduciary roles with respect to the Plan. Accordingly, the actions of the Board of Directors, the Company's committees and other employee fiduciaries are imputed to Wyeth under the doctrine of respondeat superior.

18.     Defendant Wyeth Savings Plan Committee is, upon information and belief, responsible for selecting, monitoring, and evaluating the investment options in the Savings Plans, the Savings Plan PR and the Union Plan.

19.     During the Class Period, defendant Wyeth Savings Plan Committee was a "Named Fiduciary," as such term is defined in ERISA § 402(a) and was identified as the Administrator of the Savings Plan and the Union Plan.

20.     Defendant Wyeth Savings Plan - Puerto Rico Committee is, upon information and belief, responsible for selecting, monitoring, and evaluating the investment options for the Savings Plan PR.

21.     At all times during the Class Period, Defendant Wyeth Savings Plan – Puerto Rico Committee was a "Named Fiduciary" of the Savings Plan PR, as such term is defined in ERISA § 402(a).

170935 v1

22. Defendant Wyeth Retirement Committee is, upon information and belief, responsible for approving the selection of the investment options for the Savings Plan and the Union Plan.

23. For example, Section 13.1 of the Savings Plan, amended effective as of January 1, 2006, provides that both the Wyeth Retirement Committee and the Savings Plan Committee are charged with approving the selection of the investment funds in the Savings Plan.

24. Similarly, Section 12.1 of the Union Plan provides that "the selection of the Investment Funds shall be approved by both the Plan Administrator [the Savings Plan Committee] and the Wyeth Retirement Committee."

25. Defendant Robert Essner ("Essner") has been a director of Wyeth since 1997, its Chief Executive Officer since May 2001, and its Chairman since January 2003. Defendant Essner also was Wyeth's President from July 2000 to April 2006.

26. During the Class Period, defendant Essner was Chairman of the Retirement Committee and was responsible for approving the selection of the Plans' investment options.

27. Defendant Essner made or participated in making false and misleading statements which were incorporated into plan documents or otherwise made to plan Participants, including false Securities and Exchange Commission ("SEC") filings and statements to the press, securities analysts, Participants and shareholders.

28. During the Class Period, defendant Essner was also a fiduciary within the meaning of ERISA because he exercised discretionary authority or discretionary control with respect to appointing the Plans fiduciaries as well as for managing and administering the Plans.

29.     During the Class Period, while he was causing the Plans and its Participants to acquire and hold Wyeth stock, defendant Essner sold 258,815 shares of Wyeth stock for proceeds of $13,240,861.81.

30.     Defendant Bernard Poussot ("Poussot") began his career at Wyeth in 1986 and has been Wyeth's President and Vice Chairman of the Board since April 2006. Defendant Poussot has been Chief Operating Officer and a director of Wyeth since January 2007 and on January 1, 2008 he became President and Chief Executive Officer of the Company.

31.     During the Class Period, defendant Poussot was a member of the Retirement Committee and was responsible for approving the selection of the Plans' investment options.

32.     Defendant Poussot participated in issuing materially false and misleading statements which were incorporated into plan documents or otherwise made to plan Participants, including false SEC filings, and statements to the press, securities analysts, Participants and shareholders.

33.     During the Class Period, defendant Poussot was a fiduciary within the meaning of ERISA, because he exercised discretionary authority or discretionary control with respect to the appointment of the Plans fiduciaries and with respect to the management of the Plans, he possessed discretionary authority or discretionary responsibility in the administration of the Plans, and he exercised authority or control with respect to the management of the Plans' assets.

34.     During the Class Period, while he was causing the Plans and its Participants to acquire and hold Wyeth stock, defendant Poussot sold 272,669 shares of Wyeth stock for proceeds of $14,153,236.

35.     During the Class Period, defendant Paul J. Jones ("Jones") was a member of the Savings Plan Committee and was responsible for approving the selection of the Plans' investment options.

36.     Defendant Jones signed the Form 11-Ks dated June 20, 2007 and June 23, 2006 for the Savings Plan, the Union Plan and the Savings Plan PR.

37.     Defendant Jones was a fiduciary within the meaning of ERISA, because he exercised discretionary authority or discretionary control with respect to the appointment of the Plans' fiduciaries and with respect to the management of the Plans, he possessed discretionary authority or discretionary responsibility in the administration of the Plans, and he exercised authority or control with respect to the management of the Plans' assets.

38.     Defendant Kenneth J. Martin ("Martin") was Wyeth's Chief Financial Officer from February 2000 to June 2007. Martin was also Wyeth's Vice Chairman of the Board from April 2006 to June 2007; Executive Vice President from June 2002 to April 2006; Senior Vice President from February 2000 to June 2002; and Senior Vice President and CFO, Pharmaceuticals division from October 1998 to January 2000.

39.     Defendant Martin was a member of the Retirement Committee at all relevant times and was responsible for approving the selection of the Plans' investment options.

40.     During the Class Period, while he was causing the Plans and their Participants to acquire and hold Wyeth stock, Martin sold 743,479 shares of Wyeth stock for proceeds of $40,856,886.66.

41.     During the Class Period, defendant René R. Lewin ("Lewin") was a member of the Retirement Committee and was responsible for approving the selection of the Plans' investment options.

42.     Defendant Lewin was the Senior Vice President – Human Resources at Wyeth during the Class Period.

43.     At the same time that defendant Lewin was causing the Plans and their Participants to acquire and hold Wyeth stock, defendant Lewin sold Wyeth stock for proceeds of more than $2,075,000.

44.     At all relevant times, defendant Lawrence Stein ("Stein") was a member of the Retirement Committee and was responsible for approving the selection of the Plans' investment options.

45.     Defendant Stein was the Company's Senior Vice President and General Counsel during the Class Period.

46.     At the same time that defendant Stein was causing the Plans and their participants to acquire and hold Wyeth stock, he sold his own Wyeth stock for proceeds of more than $4,487,000.

47.     At all relevant times, defendant Mary Katherine Wold ("Wold") was a member of the Retirement Committee and was responsible for approving the selection of the Plans' investment options.

48.     Defendant Wold was the Company's Senior Vice President for Tax and Treasury during the Class Period.

49. Defendants Essner, Poussot, Martin, Lewis, Stein and Wold are collectively referred to as the "Retirement Committee Defendants."

50. Defendant Karen L. Ling ("Ling") was at all relevant times a member of the Savings Plan Committee and was responsible for approving the selection of the Plans' investment options.

51. Defendant Ling was the Company's Vice President of Benefits and Human Resources during the Class Period.

52. Defendant Ling signed the annual reports on Form 5500 filed with the Department of Labor for the Savings Plan, the Savings Plan PR, and the Union Plan during the Class Period.

53. In those forms, defendant Ling identified herself as a member of the Savings Plan Committee or the Savings Plan - Puerto Rico Committee and signed as the Plan Administrator.

54. Unknown Fiduciary Defendants 1-30 are residents of the United States and are or were fiduciaries of the Plans during the Class Period. These defendants whose identities are currently unknown to Plaintiff, may include additional Wyeth employees. Once their identities are ascertained, Plaintiff will seek leave to join them under their true names.

**The Plans' Fiduciaries**

55. **Named Fiduciaries**. ERISA requires every plan to provide for one or more named fiduciaries of the plan pursuant to ERISA § 402(a)(1), 29 U.S.C. § 1002(21)(A). The person named as the "administrator" in the Plans instrument is automatically a named fiduciary, and in the absence of such a designation, the sponsor is the administrator. ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A).

56.    **De Facto Fiduciaries**.  ERISA treats as fiduciaries not only persons explicitly

named as fiduciaries under ERISA § 402(a)(1), but also any other persons who in fact perform

fiduciary functions.  Thus, a person is a fiduciary to the extent "(i) he exercises any discretionary

authority or discretionary control respecting management of such plan or exercises any authority

or control respecting management of disposition of its assets, (ii) he renders investment advice

for a fee or other compensation, direct or indirect, with respect to any moneys or other property

of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary

authority or discretionary responsibility in the administration of such plan." ERISA §

3(21)(A)(i), 29 U.S.C. § 1002(21)(A)(i).

57.    During the Class Period, all of Defendants acted as fiduciaries of the Plans

pursuant to § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and the law interpreting that section.

As outlined herein, Defendants all had discretionary authority and control with respect to the

management of the Plans and/or the management or disposition of the Plans' investments and

assets, and/or had discretionary authority or responsibility for the administration of the Plans.

58.    Each of the Defendants was a fiduciary with respect to the Plans and owed

fiduciary duties to the Plans and its Participants under ERISA in the manner and to the extent set

forth in the governing plan documents, through their conduct, and under ERISA.

59.    As fiduciaries, Defendants were required by ERISA § 404(a)(1), 29 U.S.C. §

1104(a)(1) to manage and administer the Plans -- and the Plans' investments -- solely in the

interest of the Plans' Participants and beneficiaries and with the care, skill, prudence, and

diligence under the circumstances then prevailing that a prudent man acting in a like capacity

and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

60.     Plaintiff does not allege that each Defendant was a fiduciary with respect to all aspects of the Plans' management and administration. Rather, as set forth below, Defendants were fiduciaries to the extent of the specific fiduciary discretion and authority assigned to or exercised by each of them, and, as further set forth below, the claims against each Defendant are based on such specific discretion and authority.

61.     During the Class Period, Defendants' direct and indirect communications with the Plans' Participants included statements regarding investments in Company Stock. Upon information and belief, these communications included, but were not limited to, SEC filings, annual reports, press releases, Company presentations made available to the Plans' Participants via the Company's website and Plans-related documents which incorporated and/or reiterated these statements. Defendants also acted as fiduciaries to the extent of this activity.

62.     In addition, under ERISA, in various circumstances, non-fiduciaries who knowingly participate in fiduciary breaches may themselves be liable.

63.     To the extent any of the Defendants are held not to be fiduciaries, they remain liable as non-fiduciaries who knowingly participated in the breaches of fiduciary duty described below.

**THE PLANS**

64.     The Plans are an "employee pension benefit plan" as defined by §§ 3(3) and (3)(2)(A) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(2)(A).

65.     Each Plan is a legal entity that can sue or be sued.  ERISA § 502(d)(1), 29 U.S.C.
§ 1132(d)(1).

66.     In this action for breach of fiduciary duty, the Plans are neither a plaintiff nor a
defendant.  Rather, Plaintiff requests relief for the benefit of the Plans and for the benefit of its
Participants.

67.     Each Plan is a "defined contribution plan" or "individual account" plan within the
meaning of ERISA § 3(34), 29 U.S.C. § 1002(34), in that each plan provides for individual
accounts for each Participant and for benefits based solely upon the amount contributed to the
Participants' accounts, and any income, expenses, gains and losses, and any forfeitures of
accounts of other Participants which may be allocated to such Participants' accounts.
Consequently, retirement benefits provided by the Plans are based solely on the amounts
allocated to each individual's account.

68.     Each plan is a voluntary contribution plan whereby Participants make
contributions to the plan ("Voluntary Contributions") and direct the plan to purchase investments
with those contributions from options pre-selected by Defendants which are then allocated to
Participants' individual accounts.

69.     In the most recent Form 11-K, dated June 20, 2007, the Savings Plan is described
as follows:

> The Plan, a defined contribution profit sharing plan, was approved
> and adopted by the Board of Directors of Wyeth (the "Company")
> and became effective on April 1, 1985. Full-time and part-time
> (U.S. paid) employees of the U.S. Company and its participating
> U.S. subsidiaries who are not subject to a collective bargaining
> agreement ("non-union") are eligible to participate in the Plan after
> attaining age 21, as defined in the Plan. The Plan is subject to the
> provisions of the Employee Retirement Income Security Act of

1974, as amended, ("ERISA") and qualified under the Internal Revenue Code of 1986, as amended, (the "Code").

70.     In the most recent Form 11-K, dated June 20, 2007, the Savings Plan PR is

described as follows:

> The Plan, a defined contribution profit sharing plan, was approved and adopted by the Board of Directors of Wyeth (the "Company") and became effective on January 1, 1993. Full-time and part-time employees of the Company and its participating subsidiaries who reside in Puerto Rico and are not subject to a collective bargaining agreement ("non-union") are eligible to participate in the Plan after attaining age 21. The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, and the Puerto Rico Internal Revenue Code (the "PR Code").

71.     In the most recent Annual Report on Form 11-K, dated June 20, 2007, the Wyeth

Union Plan is described as follows:

> The Plan, a defined contribution profit sharing plan of Wyeth (the "Company"), is a voluntary savings plan available to all eligible employees, as defined. Employees become eligible to participate after they have completed one month of regular employment, as defined by the Plan and are covered by a collective bargaining agreement that provides for their participation. The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, and the Internal Revenue Code of 1986 (the "Code"), as amended.

## SUBSTANTIVE ALLEGATIONS

72.     Wyeth discovers, develops, manufactures, distributes and sells pharmaceuticals,

consumer healthcare, and animal health products.

73.     Between 2003 and 2006, Wyeth directed the Phase 3 testing of a new drug called

"desvenlafaxine succinate" which was referred to as "Pristiq" or "DVS-233."

74.     Pristiq is a new version of Wyeth's depression treatment Effexor.

75.     Effexor will lose patent protection in 2010 and, as a result, Wyeth is attempting to

obtain Food and Drug Administration ("FDA") approval for new uses of the drug.

76. Wyeth sought to obtain approval from the FDA to market Pristiq as a depression treatment for older women and as a treatment for menopause symptoms such as hot flashes and night sweats.

77. In order to receive FDA approval for Pristiq, Wyeth was required to submit a New Drug Application ("NDA") to the FDA demonstrating the safety and efficacy of Pristiq for the indicated usage.

78. In terms of demonstrating Pristiq's efficacy, Wyeth had data showing that Pristiq's efficacy was no better than placebo. It also had data indicating that Pristiq was associated with adverse cardiovascular events, including one study which showed that at least five patients taking Pristiq had adverse cardiovascular events compared with none on placebo.

79. During the Class Period, Wyeth publicly represented that Pristiq could generate $2 billion in revenues for Wyeth each year.

80. Throughout the Class Period, Defendants directed Wyeth to issue false and misleading statements which failed to disclose the risks of serious, adverse cardiovascular and hepatic problems associated with Pristiq.

81. These improper false and misleading statements caused an artificial inflation of Wyeth's stock price and misrepresented the risk to Participants of investing in Wyeth stock through the Plans instead of investing their retirement assets in other available investments.

82. Throughout the Class Period, all of the plan documents incorporated by reference the Company's SEC filings, including its annual reports on Form 10-K, quarterly reports on Form 10-Q, and periodic reports on Form 8-K.

- 15 -

83.     As alleged below, these SEC filings that were incorporated into the plan documents were materially false and misleading because they misrepresented and failed to disclose the risk of investing in Wyeth common stock because of problems with Wyeth's new drug Pristiq and failed to reveal serious, adverse cardiovascular and hepatic effects associated with Pristiq.

84.     Those false statements began at least on January 31, 2006 when defendant Martin signed and filed a report on Form 8-K which included a copy of the Company's January 31, 2006 press release announcing Wyeth's earnings for the fourth quarter and full year 2005.

85.     The Form 8-K – which was incorporated into the plan documents -- portrayed Wyeth as being "in the strongest competitive position in its history" and explained that "Wyeth's R&D continued to yield industry-leading results by filing two New Drug Applications (NDAs) in 2005 and is working toward five more for new products in the next 18 months."

86.     The Form 8-K represented that one of the NDAs was for desvenlafaxine (Pristiq) which Wyeth represented was "a novel approach for treating depression" and that Wyeth was working on five additional NDAs, including one (Pristiq) "for vasomotor symptoms."

87.     The Form 8-K did not disclose that Pristiq had been associated with serious, adverse cardiovascular and hepatic effects.

88.     On February 27, 2006, the Company filed its annual report on Form 10-K for the year ended December 31, 2005.

89.     Defendants Martin, Essner and Jones signed the Form 10-K.

90.     In the Form 10-K, these defendants reported that the Company had filed an NDA for desvenlafaxine (Pristiq).

91.     However, defendants did not reveal that Pristiq had been associated with serious, adverse cardiovascular and hepatic events or that the further clinical studies were necessary to determine the risk of these adverse events associated with Pristiq.

92.     When they signed the annual report, defendants Essner and Martin represented that the report "does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report."

93.     On April 21, 2006, Wyeth filed a report on Form 8-K which included a copy of the Company's press release from that day announcing its earnings for the first quarter of 2006.

94.     Defendant Martin signed the Form 8-K.

95.     The Form 8-K quoted defendant Essner positively portraying Wyeth's product portfolio, including Pristiq by saying, "Wyeth is off to a great start in 2006.  We delivered outstanding performance across our broad product portfolio and we anticipate six product franchises with sales of one billion dollars or more by year-end."

96.     The Form 8-K identified Pristiq (identified as "DVS-233 for vasomotor symptoms") as one of those six products.

97.     On May 4, 2006, Wyeth filed a Registration Statement on Form S-8 with the SEC which was signed by defendants Martin, Essner and Jones.

98.     The Registration Statement incorporated certain Company SEC filings which made false and misleading statements about Pristiq, including Wyeth's Forms 8-K filed on January 31, 2006 and April 21, 2006 as well as "all documents subsequently filed by the Corporation [Wyeth] pursuant to [the 1934 Act] prior to the filing of a post-effective amendment

- 17 -

which indicates that all securities offered hereby have been sold or which deregisters all securities remaining unsold."

99. On May 9, 2006, Wyeth filed its quarterly report on Form 10-Q with the SEC.

100. Defendant Jones signed the Form 10-Q.

101. Defendants Essner and Martin each signed certifications that were attached to the Form 10-Q representing that the Form 10-Q "does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report."

102. In the Form 10-Q, these defendants said that Wyeth anticipated "five additional NDA filings for new products in the next 12 months" including Pristiq ("DVS-233 for vasomotor symptoms").

103. They also represented that "completing these major NDA filings and preparing for these new product launches over this relatively short time frame is one of the most ambitious product introduction objectives in our history and will present significant operational challenges."

104. Defendants did not reveal that Pristiq had been associated with serious, adverse cardiovascular and hepatic events or that further clinical studies were necessary to determine the risk of these adverse events associated with Pristiq.

105. On June 23, 2006, defendants caused the Savings Plan to file its annual report on Form 11-K with the SEC.

106. Defendant Jones signed the Form 11-K for the Savings Plan Committee.

107.    The Form 11-K represented that the Savings Plan held Wyeth common stock with a "fair market value" of $433,936,888 at the end of 2005.

108.    On June 23, 2006, defendants caused the Union Plan to file its annual report on Form 11-K with the SEC.

109.    Defendant Jones signed the Form 11-K for the Union Plan.

110.    The Form 11-K represented that the Union Plan held Wyeth common stock with a "fair market value" of $1,664,094 at the end of 2005.

111.    On June 23, 2006, defendants caused the Savings Plan PR to file its annual report on Form 11-K with the SEC.

112.    Defendant Jones signed the Form 11-K for the Savings Plan PR.

113.    The Form 11-K represented that the Savings Plan PR held Wyeth common stock with a "fair market value" of $16,930,643 at the end of 2005.

114.    These statements were materially false and misleading because the price of Wyeth's common stock was artificially inflated as a result of defendants' false statements and omissions about Pristiq.

115.    On June 26, 2006, Wyeth issued a press release announcing that it had submitted an NDA for Pristiq for the treatment of moderate to severe vasomotor symptoms associated with menopause, such as hot flashes and night sweats.

116.    The press release represented that desvenlafaxine succinate (Pristiq) would give physicians additional options to help meet the individualized needs of their menopausal patients.

117.    It also said that the Pristiq NDA together with another simultaneous NDA "emphasizes Wyeth's position as a leader and innovator in women's health."

118. The press release was available to Participants on the Company's website.

119. On June 20, 2006, Wyeth filed its Form 8-K with the SEC which included a press release issued on that date.

120. Defendant Martin signed the Form 8-K.

121. The Form 8-K quoted defendant Essner touting Pristiq and the NDA for that drug by saying that "Wyeth continued its strong performance in the 2006 second quarter. Significant sales growth from Enbrel, Prevnar and most of our broad product portfolio, NDA filings for two new products, and the continuation of productivity initiatives including our Pharmaceuticals sales force reorganization have positioned us for further growth. We are on track for another excellent year, and expect to reach at least the upper end of our 2006 pro forma diluted earnings per share guidance range of $2.97-$3.07."

122. The Form 8-K also represented that Wyeth's had achieved a key milestone by filing the NDA for Pristiq:

> Wyeth's R&D efforts in the second quarter achieved a number of key milestones, with Wyeth filing two new drug applications (NDAs) for new products (bazedoxifene for osteoporosis and desvenlafaxine succinate for vasomotor symptoms).

123. The Form 8-K, however, omitted to disclose that the NDA for Pristiq did not include adequate information or studies about Pristiq's potential for serious adverse cardiovascular and hepatic effects.

124. On August 7, 2006, Wyeth filed its quarterly report on Form 10-Q with the SEC.

125. Defendant Jones signed the Form 10-Q.

126. In the Form 10-Q, Wyeth and defendant Jones represented that "during the second quarter of 2006, we filed NDAs for [an osteoporosis drug] and DVS-233 [Pristiq] for vasomotor

symptoms . . . Completing these major NDAs and preparing for these product launches over this

relatively short time frame is one of the most ambitious product introduction objectives in our

history and will present significant operational challenges."

127.    In the Form 10-Q, defendants Essner and Martin represented that "the information

contained in the Report fairly presents, in all material respects, the financial condition and results

of operations of the Company." They each also represented that "this report does not contain

any untrue statement of a material fact or omit to state a material fact necessary to make the

statement made, in light of the circumstances under which such statements were made, not

misleading with respect to the period covered by this report."

128.    On October 5, 2006, Wyeth filed a Form 8-K with the SEC.

129.    Defendant Martin signed the Form 8-K.

130.    In the Form 8-K, Wyeth referred investors - - including Participants - - to the

Company's website in order to view the Company's presentation about its business at an analyst

meeting scheduled for that morning.  Investors, including Participants, could view the

presentation live or on a delayed basis through the Company's website.

131.    That morning, defendant Essner made a presentation at the investor conference in

which he and other Wyeth representatives reviewed Wyeth's product pipeline and highlighted

seven new drugs, including Pristiq.

132.    Defendant Essner said "with seven new products on the horizon all 11 major late-

stage clinical programs rapidly moving forward, Wyeth is leading the way in bringing new

solutions for patients and physicians.  We believe these new treatments will help continue the

strong growth generated by our broad portfolio led by Enbrel and Prevnar and could potentially

be among Wyeth's top products by 2010."

133.    Defendant Essner was present during the analyst conference and endorsed

statements made by Wyeth representatives which positively portrayed Pristiq.

134.    During a portion of that conference, Wyeth represented that Pristiq was "[s]imilar

to Effexor XR® in terms of efficacy, safety and tolerability."

135.    Defendants stated that Pristiq "[c]an become the first and only SNRI proven to

effectively address the distinctive symptoms and therapeutic needs of women with . . . vasomotor

symptoms."

136.    A slide entitled "Pristiq™ Phase 3 Summary" touted the safety of the drug and

predicted that Wyeth would have more than $2 billion in sales from it:

- Safety
    - Early discontinuation rate below 10% at end of week 1
    - Tolerability profile improved after week 1
        - Predominant systems – nausea, dizziness, insomnia, somnolence
        - Median duration of nausea: 3-4 days.

137.    On October 5, 2006, Wyeth issued a press release entitled "Wyeth Presents R&D

Highlights at Investor Conference," which was available to Participants on the Company's

website and reported defendant Essner's statements at the analyst conference about Wyeth's

seven new products and eleven major late-stage clinical programs rapidly moving forward.

138.    In a section of the press release called "Near-Term Pipeline Highlights,"

defendants Wyeth and Essner and other Wyeth representatives told investors that they

anticipated FDA action on Pristiq in April 2007:

Pristiq (Desvenlafaxine Succinate) (Major Depressive Disorder and Vasomotor Symptoms)

\* \* \*

FDA action for the second application for Pristiq for vasomotor symptoms (VMS) associated with menopause is anticipated in April 2007.  Pristiq is expected to provide significant relief of hot flushes (decrease in number and severity) associated with menopause.

If approved, Pristiq will be the first non-hormonal treatment indicated for relief of VMS.

139.    On October 19, 2006, Wyeth filed a Form 8-K with the SEC which included its press release from that day announcing its earnings for the third quarter of 2006.

140.    Defendant Martin signed the Form 8-K.

141.    The Form 8-K quoted defendant Essner as saying that "with our outstanding 2006 third quarter, Wyeth is on its way to achieving annual sales of more than $1 billion for six product franchises."

142.    Defendants Wyeth and Martin represented that "on October 4, 2006, Wyeth filed its dossier in Europe for **PRISTIQ™** (desvenlafaxine succinate) to treat vasomotor symptoms . . . ." (emphasis in original).

143.    Defendants did not reveal that Pristiq had been associated with serious, adverse cardiovascular and hepatic events or that further clinical studies were necessary to determine the risk of these adverse events associated with Pristiq.

144.    On November 6, 2006, Wyeth filed its quarterly report on Form 10-Q which defendant Jones signed.

145.    Defendants Essner and Martin signed statements in the Form 10-Q in which each certified that the "report does not contain any untrue statement of a material fact or omit to state

170935 v1

- 23 -

a material fact necessary to make the statement made, in light of the circumstances under which

such statements were made, not misleading with respect to the period covered by this report."

146.   In the Form 10-Q, Defendants touted Wyeth's product pipeline, including its

NDA for Pristiq for use by menopausal women.

> Our Product Pipeline
>
> Our New Drug Application (NDA) filings with the U.S. Food and Drug Administration (FDA) for **PRISTIQ** (desvenlafaxine succinate), a serotonin norepinephrine reuptake inhibitor (SNRI), for the treatment of major depressive disorder in 2005 and vasomotor symptoms associated with menopause in 2006 remain under regulatory review.  With respect to **PRISTIQ** for the treatment of major depressive disorder (MDD), we expect to receive an FDA action letter in January 2007.  With respect to **PRISTIQ** as a non-hormonal treatment for vasomotor symptoms (VMS) associated with menopause, we expect to receive an FDA action letter in April 2007.
>
> We are currently conducting additional clinical trials in MDD, including studies at lower dosage levels, and plan to begin to evaluate the results of the low-dose studies in early 2007 before determining launch plans for **PRISTIQ** for the treatment of MDD. Our actual course and launch timing for the MDD indication will be predicated on three elements: FDA approval of our NDA for MDD, the results of the low-dose studies and the progress of FDA review of our NDA for VMS.

147.   Defendants did not reveal that Pristiq had been associated with serious, adverse

cardiovascular and hepatic events or that further clinical studies were necessary to determine the

risk of these adverse events associated with Pristiq.

148.   On January 23, 2007, Wyeth issued a press release entitled "Wyeth Receives

Approvable Letter From FDA for Pristiq (Desvenlafaxine Succinate) for the Treatment of Major

Depressive Disorder."

149.   The press release was made available to Participants on the Company's website.

150.   The press release related primarily to Pristiq for the treatment of depression but it indicated that the timing of Wyeth's launch depended in part on the results of the FDA's review of the Pristiq NDA for treatment of vasomotor symptoms associated with menopause.

151.   The press released represented:

> Wyeth Pharmaceuticals, a division of Wyeth, announced today that the Company has received an approvable letter from the U.S. Food and Drug Administration (FDA) for Pristiq™ (desvenlafaxine succinate), a serotonin-norepinephrine reuptake inhibitor (SNRI) studied as a treatment for adult patients with major depressive disorder (MDD). The letter was received January 22.
>
> "The approvable letter is in line with Wyeth's expectations and we remain on track with our plans for Pristiq" says Joseph Mahady, President, Wyeth Pharmaceuticals – The Americas and Global Businesses. "We are working toward resolution of all outstanding issues at our manufacturing site in Guayama, Puerto Rico and have already made significant progress in meeting previously established commitments."
>
> According to the approvable letter, FDA approval of Pristiq is subject to several conditions, including the following:
>
>> A satisfactory FDA inspection of the Company's Guayama, Puerto Rico facility, which is where Pristiq will be manufactured.
>>
>> Several post-marketing commitments, including submission of long-term relapse prevention, low dose and pediatric studies.
>>
>> Additional clarity around the Company's product education Plans for physicians and patients.
>>
>> Confirmation by the FDA of the acceptability of the proprietary name, Pristiq.
>
> As the Company has already communicated, launch timing for the MDD indication is predicated on three elements – final FDA approval for Pristiq as a treatment for adult patients with MDD, the results of ongoing MDD studies at lower dosage levels, and the progress of FDA review of Wyeth's separate New Drug Application (NDA) for vasomotor symptoms (VMS) associated with menopause. Importantly, while the approvable letter requires some post-marketing commitments, the FDA does not require that any additional clinical studies be submitted prior to the approval of Pristiq.

"Given the importance of Pristiq, we are committed to ensuring the most complete profile and product information is available to physicians and patients at the time of this product's launch," Mahady says.

152. Defendants did not reveal that Pristiq had been associated with serious, adverse cardiovascular and hepatic events or that further clinical studies were necessary to determine the risk of these adverse events associated with Pristiq.

153. On January 30, 2007, Wyeth filed its report on Form 8-K which included a copy of the Company's press release from that day announcing its earnings results for 2006.

154. Defendant Martin signed the Form 8-K.

155. The Form 8-K quoted defendant Essner as saying that Wyeth "achieved strong growth with all of our major products in 2006 and achieved a billion or multibillion dollar status in annual sales in six product franchises. With six regulatory filings involving four new pharmaceutical products completed during the years, combined with continued investments in R&D, Wyeth is positioned for strong growth in 2007 and beyond."

156. In the Form 8-K, Wyeth, Martin and Essner updated investors -- including Participants -- about the Pristiq application and omitted to disclose that the NDA did not include adequate information or studies about Pristiq's potential for serious adverse cardiovascular and hepatic effects.

157. Defendants did not reveal that Pristiq had been associated with serious, adverse cardiovascular and hepatic events or that further clinical studies were necessary to determine the risk of these adverse events associated with Pristiq.

158. Instead, the filing touted the fact that Wyeth had submitted an NDA for Pristiq:

**R&D Update**

In 2006, Wyeth submitted six key regulatory filings involving four new pharmaceutical products. In June, Wyeth submitted New Drug Applications (NDA) to the U.S. Food and Drug Administration (FDA) for **PRISTIQ**™ (desvenlafaxine succinate), a non-hormonal agent to treat severe vasomotor symptoms; and for **VIVIANT**™ (bazedoxifene) for the prevention of postmenopausal osteoporosis. In October, Wyeth filed its dossier in Europe for Pristiq to treat vasomotor symptoms; registration submissions were filed in the U.S. and Europe for **TORISEL**™ (temsirolimus) for the treatment of renal cell carcinoma; and Wyeth and its partner Solvay Pharmaceuticals submitted an NDA to the FDA for bifeprunox for the treatment of schizophrenia. Torisel was granted priority review status by the FDA in December. On January 22, 2007, Wyeth received an approvable letter from the FDA for Pristiq as a treatment for adult patients with major depressive disorder.

159. On February 26, 2007, Wyeth filed its annual report for 2006 on Form 10-K with the SEC.

160. Defendants Martin, Essner, Poussot and Jones signed the annual report.

161. In the annual report for 2006, Defendants discussed the Pristiq NDA as follows:

We have multiple product candidates in development and devote considerable resources to research and development activities, including clinical trials. These activities involve a high degree of risk and take many years. Currently, we have a large number of product candidates in development. Our product candidates in late-stage development include four potential new products with respect to which we filed New Drug Applications (NDAs) with the FDA in 2006: **PRISTIQ** (for the treatment of vasomotor symptoms), **VIVIANT**, **TORISEL**, and bifeprunox

162.     Defendants did not reveal that Pristiq had been associated with serious, adverse cardiovascular and hepatic events or that further clinical studies were necessary to determine the risk of these adverse events associated with Pristiq.

163.     On March 22, 2007, Wyeth filed a Registration Statement on Form S-3 for a $2.5 billion debt offering, including $500 million of 5.450% notes due 2017 and $2 billion of 5.950% notes due 2037.

164.     Defendants Martin, Essner, Jones and Poussot signed the Registration Statement.

165.     The Registration Statement was supplemented on March 26, 2007.

166.     The Registration Statement and supplement incorporated Wyeth's false annual report on Form 10-K filed with the SEC on February 26, 2007 and referred investors to the "annual, quarterly and special reports, proxy statements and other information" filed by Wyeth with the SEC, many of which had been incorporated into Plan documents.

167.     On April 19, 2007, Wyeth filed a Form 8-K with the SEC which included a copy of the Company's April 19, 2007 press release.

168.     Defendant Martin signed the Form 8-K.

169.     The Form 8-K quoted defendant Essner as saying:

> Wyeth's financial performance in the 2007 first quarter was again outstanding. On top of that, the Company added momentum to our new product pipeline by successfully completing a number of important clinical trials for Pristiq for vasomotor symptoms and depression, Viviant for osteoporosis, and Aprela for osteoporosis and vasomotor symptoms.

170.    The Form 8-K also represented the following about Pristiq and the NDA for that

drug:

**New Product Update**

The Company will review key clinical results during its earnings
conference call today for several of its late stage pipeline products
that are either under U.S. Food and Drug Administration (FDA)
review or in preparation for regulatory submission. Additional
information follows.

**PRISTIQ™**

The Company will review its analysis of new clinical results from
recently concluded studies of Pristiq (desvenlafaxine succinate), a
serotonin norepinephrine reuptake inhibitor for the treatment of
vasomotor symptoms associated with menopause and the treatment
of major depressive disorder.  The Company's New Drug
Applications (NDA) for Pristiq for both of these indications are
currently under review by the FDA.

For Pristiq and its vasomotor symptoms indication, the Company
will review results from a study of 100 mg and 150 mg doses that
included a three-day, 50 mg titration step.  These results showed a
substantial decrease in reported incidences of nausea and adverse
event related discontinuations that had been seen upon initiating
therapy in earlier trials.  The study also confirmed the efficacy of
the 100 mg and 150 mg doses in treating vasomotor symptoms.
Wyeth recently submitted these data to the FDA and has been
advised that the FDA will extend its review cycle for this
indication by three months, to late July, to include these data in its
review of the NDA.  These data will also be submitted to the
European regulatory authorities to support the ongoing review of
the marketing authorization application for Pristiq for vasomotor
symptoms in Europe.

Wyeth will also review key clinical results of Pristiq's low-dose
studies in depression.  Data from these studies replicate efficacy at
the 100 mg dose and demonstrate efficacy at the 50 mg dose in two
separate studies.  In addition, these low-dose studies showed
reduced adverse event related discontinuation rates and an
improvement in rates of nausea and overall tolerability.  Wyeth
plans to complete all required analyses of these data by late

summer and will include these results in its complete response to
the FDA approvable letter received in January 2007.

We anticipate that the FDA will extend its review of Pristiq for the
depression indication by six months from the date we submit our
complete response, including these low-dose data, resulting in a
final decision during the first quarter of 2008.  In addition, the
Company plans to file the depression indication for European
review, including the low-dose and all other available data, in the
2007 third quarter.

Collectively, these new clinical results significantly enhance the
profile of Pristiq for launch in vasomotor symptoms and
depression indications.

171.    Defendants did not disclose that Wyeth's NDA for Pristiq did not include

adequate information or studies about Pristiq's potential for serious adverse cardiovascular and

hepatic effects.

172.    Defendants also did not reveal that Pristiq had been associated with serious,

adverse cardiovascular and hepatic events or that further clinical studies were necessary to

determine the risk of these adverse events associated with Pristiq.

173.    On May 9, 2007, Wyeth filed a quarterly report on Form 10-Q with the SEC.

174.    Defendant Jones signed the Form 10-Q.

175.    In the Form 10-Q, Defendants gave no indication that the NDA for Pristiq did not

include adequate studies about Pristiq's potential for serious adverse cardiovascular and hepatic

effects.

176.    Instead, Defendants touted the Company's NDA for Pristiq:

**Our Product Pipeline**

Our continued success depends, in large part, on the discovery and development of new and innovative pharmaceutical products and additional indications for existing products.

Our New Drug Application (NDA) filings with the FDA for **PRISTIQ** (desvenlafaxine succinate), a serotonin/norepinephrine reuptake inhibitor, for the treatment of major depressive disorder in 2005 and vasomotor symptoms associated with menopause in 2006 remain under regulatory review.

With respect to **PRISTIQ** for the treatment of major depressive disorder, we received an approvable letter from the FDA on January 22, 2007. According to the approvable letter, FDA approval of **PRISTIQ** is subject to several conditions, including: a satisfactory FDA inspection of our Guayama, Puerto Rico facility, which is where **PRISTIQ** will be manufactured; several post-marketing commitments, including submission of long-term relapse prevention, low-dose and pediatric studies; additional clarity around our product education plan for physicians and patients; and confirmation by the FDA of the acceptability of the proprietary name, **PRISTIQ**. See "Our Challenging Business Environment" beginning on page 24 for a discussion of the recent re-inspection of our Guayama, Puerto Rico facility.

We recently completed additional clinical trials of **PRISTIQ** in major depressive disorder, which included lower dosage levels. After completing all required analyses of the data from these clinical trials, we intend to include them in our complete response to the FDA approvable letter, which we anticipate filing with the FDA by the end of August 2007. We anticipate that the FDA will extend its review of the NDA for **PRISTIQ** for the treatment of major depressive disorder by six months from the date we submit our complete response, resulting in an anticipated FDA action date during the first quarter of 2008. We also plan to file a dossier in Europe for **PRISTIQ** for the depression indication, including the low-dose and all other available data, in the 2007 third quarter.

177.    In the Form 10-Q, defendants Essner and Martin certified that "this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to

make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report."

178.    That same day, May 9, 2007, Defendants issued a press release entitled "Wyeth Presents Phase 3 Data for Pristiq, an Investigational Non-Hormonal Therapy for Menopausal Hot Flashes and Night Sweats; First Scientific Presentation for Pristiq Occurs at the 55th Annual Clinical Meeting of the American College of Obstetricians and Gynecologists," which was available to Participants on the Company's website and stated:

> Wyeth Pharmaceuticals, a division of Wyeth, presented results from the first Phase 3 studies evaluating Pristig™ (desvenlafaxine) for the treatment of moderate-to-severe vasomotor symptoms (hot flashes and night sweats) associated with menopause. These studies showed that women who took Pristiq experienced a reduction in both the number and severity of hot flashes. Additional analyses presented demonstrated that Pristiq reduced the number of nighttime awakenings and mood disturbances in postmenopausal women with hot flashes and night sweats and did not have a negative effect on sexual function.
>
> The data were presented at the 55th Annual Meeting of the American College of Obstetricians and Gynecologists (ACOG) in San Diego. Pristiq is currently under review by the U.S. Food and Drug Administration (FDA) and could be the first non hormonal treatment for menopausal hot flashes and night sweats.
>
> "Millions of women experience hot flashes and night sweats during menopause, but there are currently no effective non-hormonal treatment options approved by the FDA," says Joseph Camardo, M.D., Senior Vice President, Global Medical Affairs, Wyeth Pharmaceuticals. "The data indicate Pristiq has the potential to expand the range of effective treatment options by providing a non-hormonal choice for menopausal women with moderate to severe vasomotor symptoms."
>
> **Evaluation of Safety and Efficacy**
>
> Three studies presented examine the efficacy of Pristiq at various doses while also evaluating its safety and tolerability profile. The most common side effect in all three studies was nausea, which was generally mild to moderate, was dose dependent, and resolved quickly, on average within three days.
>
> Efficacy and Safety of Desvenlafaxine Succinate for Treatment of Menopausal Vasomotor Symptoms

This one-year, multicenter, randomized, double-blind, placebo-controlled trial evaluated the safety and efficacy of Pristiq at multiple doses. The study included 689 postmenopausal women with 50 or more moderate-to-severe hot flashes per week. Primary endpoints were assessed at weeks four and 12 and included the daily number and severity of hot flashes and night sweats.

Results from this study showed a reduction in the number and severity of hot flashes and night sweats at weeks four and 12 for several of the doses investigated. There was a rapid onset of action – within one week of starting therapy.

**Efficacy of Desvenlafaxine Succinate in the Treatment of Menopausal Vasomotor Symptoms**

This six month multicenter, randomized, double-blind, placebo-controlled trial evaluated the efficacy and safety of Pristiq. The study included 541 postmenopausal women with 50 or more moderate-to-severe hot flashes per week. Primary endpoints were assessed at weeks four and 12, and included the daily number and severity of hot flashes and night sweats.

Pristiq demonstrated significant improvements compared with placebo for all primary endpoints. A statistically significant reduction in the number of hot flashes (60 to 66 percent) was maintained throughout the 26-week study period.

**A Placebo-Controlled Trial of Desvenlafaxine Succinate and Tibolone for Menopausal Vasomotor Symptoms**

This 12-week, multicenter, randomized, double-blind, placebo- and activecontrolled trial evaluated the safety and efficacy of Pristiq. The study included 451 postmenopausal women with 50 or more moderate-to-severe hot flashes per week, in multiple countries outside of the United States.

Results showed that at weeks four and 12, all groups experienced a decrease in the number and severity of hot flashes from baseline. There was no statistically significant difference between Pristiq and placebo; whereas, the difference between active comparator and placebo was significant.

179.     Defendants did not reveal that Wyeth's data did not include adequate studies about Pristiq's potential for serious adverse cardiovascular and hepatic effects.

180.     Defendants did not reveal that Pristiq had been associated with serious, adverse cardiovascular and hepatic events or that further clinical studies were necessary to determine the risk of these adverse events associated with Pristiq.

181.    On June 25, 2007, Defendants caused three of the Plans to file an annual report on Form 11-K with the SEC.

182.    Defendant Jones signed the Form 11-K for the Savings Plan as a member of the Savings Plan Committee.

183.    That Form 11-K represented that the Savings Plan held Wyeth common stock with a "fair market value" of $435,489,379 at the end of 2006.

184.    Defendant Jones signed the Form 11-K for the Savings Plan PR as a member of the Wyeth Savings Plan-Puerto Rico Committee.

185.    That Form 11-K represented that the Savings Plan PR held Wyeth common stock with a "fair market value" of $17,236,318 at the end of 2006.

186.    Defendant Jones signed the Form 11-K for the Union Plan as a member of the Wyeth Savings Plan Committee.

187.    That Form 11-K represented that the Union Plan held Wyeth common stock with a "fair value" of $1,854,557 at the end of 2006.

188.    On July 19, 2007, Defendants caused Wyeth to file its report on Form 8-K with the SEC, which included the Company's press release dated July 19, 2007.

189.    The Form 8-K quoted defendant Essner as saying:

> Wyeth delivered another outstanding quarter and a solid 2007 first half led by growth of the biotech product Enbrel and Prevnar vaccine. Wyeth also received FDA approval for the novel contraceptive Lybrel, as well as Torisel for the treatment of advanced renal cancer during the quarter. We are on track for another excellent year, and have increased our full year pro forma diluted earnings per share guidance to a range of $3.48 to $3.56.

190.    The Form 8-K also represented that:

>   During May and June, Wyeth presented important clinical data for
>   four potential new products - bifeprunox for schizophrenia,
>   PRISTIQ™ (desvenlafaxine succinate) for prevention of
>   vasomotor symptoms and major depressive disorder, and Torisel.

191.    In the Form 8-K, Defendants did not reveal that Pristiq had been associated with

serious, adverse cardiovascular and hepatic effects or that the data submitted by Wyeth with the

NDA did not properly address these effects.

192.    On July 23, 2007, based upon the positive information provided by Defendants, a

Cowen & Co. analyst opined that the Food and Drug Administration will probably approve

Pristiq and noted that:

>   Pristiq's modest efficacy could initially niche it to patients where
>   HRT is contra-indicated. However, there is a larger opportunity in
>   the 80 percent of women currently not seeking treatment for their
>   post menopausal symptoms.

### THE TRUTH IS REVEALED

193.    On July 24, 2007, Wyeth issued a press release announcing that the Company had

received a letter from the FDA regarding Pristiq explaining that the FDA would not approve

Wyeth's NDA until the Company provided additional information regarding Pristiq's potential

for serious adverse cardiovascular and hepatic effects.

194.    Further, the FDA requested that this information come from a clinical trial of one

year or more in duration.  Wyeth's failure to submit the required data meant that the Company

would be unable to obtain FDA approval of Pristiq until it conducted at least a year's worth of

additional studies to establish that the drug's benefits outweigh its adverse effects.

195.    As a result of the FDA decision on July 24, 2007, Wyeth's stock price dropped from $56 to $50.30 the next day, erasing more than $7.7 billion of market share and taking with it the vested retirement benefits of Participants in the Plans.

196.    This decrease in Wyeth's stock price was a result of the artificial inflation caused by Defendants' misleading statements coming out of the stock price.

197.    On July 24, 2007, *The Wall Street* Reported reported:

> The Food and Drug Administration declined to approve an experimental Wyeth drug to treat hot flashes and other symptoms of menopause.
>
> *        *        *
>
> Pristiq, which is derived from Wyeth's blockbuster antidepressant Effexor XR, has been expected to help compensate for an anticipated decline in sales of that drug, which is set to face generic competition by 2010.

198.    On July 24, 2007, *TheStreet.com* reported:

> Wyeth watched its shares drop sharply after U.S. regulators said they want another clinical trial for the menopause-symptoms treatment Pristiq.
>
> *        *        *
>
> The company didn't provide an exact timetable for the new clinical trial. The FDA also asked Wyeth to answer questions about "certain chemistry, manufacturing and controls deficiencies" before it approves the drug. Wyeth didn't provide details.
>
> *        *        *
>
> Merrill Lynch analyst David Risinger cut his rating to hold from buy, telling clients that Pristiq probably wouldn't be available for treating menopause symptoms until the first quarter of 2010. He doesn't own shares, but his firm has had a non investment banking relationship.
>
> "For all intents and purposes, this indication is dead," says Barbara Ryan, of Deutsche Bank Securities, in a note to clients.
>
> *        *        *
>
> Pristiq has been viewed by Wyeth as a way to expand its women's health care offerings and to shore up sales for its Premarin and Prempro treatment for menopause. These drugs achieved sales of $1.05 billion last year and are among Wyeth's biggest products.

However, sales have slowed, gaining 3% year over year in the second quarter but declining 3% during the first half of 2007 compared with the same period last year.

        *       *       *

"This blow to Pristiq will intensify the company's exposure to Effexor [XR] generics in 2010," Ryan warns.

199.     On July 25, 2007, *AP News* reported:

Leerink Swann analyst Seamus Fernandez downgraded the Madison, N.J., company to 'Market Perform' from 'Out-perform,' questioning sales of Pristiq and Wyeth's ability to get regulators to approve its drugs.

200.     On July 25, 2007, *The Star-Ledger* reported:

Wyeth said a new clinical trial for Pristiq, one of the company's most important experimental medicines, could take a year or longer to complete.

Industry analysts said the safety concerns could doom the drug – which is also awaiting approval as a treatment for depression – and its potential to ensure earnings growth when Wyeth's Effexor antidepressant and Protonix ulcer drug face generic competition in coming years.

Credit Suisse analyst Catherine Arnold said she is no longer counting on any sales from Pristiq, given the FDA's cautionary stance.

"The effect is negative in the longer term and we see a $2.6 billion revenue shortfall and a 31 cent (per share) hit" to Wyeth's 2011 results, Arnold said in a research note.

        *       *       *

The Madison-based company has been counting on Pristiq, a derivative of Wyeth's $3.5-billion-a-year Effexor, to ease the sting when Effexor's U.S. patent lapses in 2010 and cheaper generics hit the market.

Revenue from Pristiq, which analysts have said could top $2 billion a year, would also help prevent a sharp earnings decline in 2011, when Protonix loses patent protection.

"It's a big setback for Wyeth," said Bannister. who noted Pristiq was unlikely to be approved until 2009 or 2010 – too late to sufficiently ramp up its sales before Effexor's patent lapses.

201.     On August 13, 2007, *The Wall Street Journal* reported:

The Food and Drug Administration's rejection of Wyeth's schizophrenia drug bifeprunox is the latest in a string of

disappointments that is sapping the confidence of investors in the big drug company's long-term growth prospects.

\* \* \*

The setbacks come after a bigger disappointment in late July, when the FDA issued what is known as an approvable letter – which typically indicates the agency needs more information before it will approve a drug – for Wyeth's experimental drug Pristiq for menopause symptoms.

\* \* \*

While Wyeth's profits have been strong lately, the string of bad news raises concerns over how the company will compensate for a future drop in sales of two of its blockbuster drugs, antidepressant Effexor XR and acid-reflux drug Protonix. The pills accounted for combined world-wide sales of $5.5 billion last year, about 27% of the company's revenue, and both are expected to face generic competition for the first time in the U.S. in 2010 or early 2011.

\* \* \*

Wyeth's shares were down $2.99, or 6%, to $46.59 at 4 p.m. Friday in trading on the New York Stock Exchange. That is about 21% below the stock's 52-week high of $59 reached in May.

202.    Wyeth's shares currently trade at approximately $39 per share, well below the price at which the Plans and Participants acquired or held Wyeth stock and well below the price at which the fiduciary defendants sold their own Wyeth stock while causing the Plans and Participants to invest in and hold Wyeth stock.

## THE LAW UNDER ERISA

203.    ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), provides, in pertinent part, that a civil action may be brought by a participant for relief under ERISA § 409, 29 U.S.C. § 1109.

204.    ERISA § 409(a), 29 U.S.C. § 1109(a), "Liability for Breach of Fiduciary Duty," provides, in pertinent part, that any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through

use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

205.    ERISA § 404(a)(l)(A) and (B), 29 U.S.C. § 1104(a)(l)(A) and (B), provides, in pertinent part, that a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries, for the exclusive purpose of providing benefits to participants and their beneficiaries, and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

206.    These fiduciary duties under ERISA § 404(a)(l)(A) and (B) are referred to as the duties of loyalty, exclusive purpose and prudence, and are the "highest known to the law." They entail, among other things:

(a)    The duty to conduct an independent and thorough investigation into, and continually to monitor, the merits of all the investment alternatives of a plan, including in this instance the Plans, which invested in Wyeth Stock, to ensure that each investment is a suitable option for the Plans;

(b)    The duty to avoid conflicts of interest and to resolve them promptly when they occur. A fiduciary must always administer a plan with an "eye single" to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan's sponsor; and

(c)    A duty to disclose and inform, which encompasses: (i) a negative duty not to misinform; (ii) an affirmative duty to inform when the fiduciary knows or should know that

silence might be harmful; and (iii) a duty to convey complete and accurate information material

to the circumstances of participants and beneficiaries.

207.    ERISA § 405(a), 29 U.S.C. § 1105(a), "Liability for breach by co-fiduciary,"

provides, in pertinent part, that ". . . [i]n addition to any liability which he may have under any

other provision of this part, a fiduciary with respect to a plan shall be liable for a breach of

fiduciary responsibility of another fiduciary with respect to the same plan in the following

circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or

omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure

to comply with section 404(a)(l), 29 U.S.C. § 1104(a)(l), in the administration of his specific

responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to

commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes

reasonable efforts under the circumstances to remedy the breach."

208.    Plaintiff therefore brings this action under the authority of ERISA § 502(a)(2) for

plan-wide relief under ERISA § 409(a) to recover losses sustained by the Plans arising out of the

breaches of fiduciary duties by Defendants for violations under ERISA § 404(a)(l) and ERISA §

405(a).

## CLASS ACTION ALLEGATIONS

209.    Plaintiff brings this action as a class action pursuant to Rules 23(a), (b)(l), (b)(2)

and (b)(3) of the Federal Rules of Civil Procedure on behalf of himself and the following class of

persons similarly situated (the "Class"):

> All persons who were participants in or beneficiaries of the Plans
> at any time between January, 2006 to the present (the "Class
> Period") and whose accounts included investments in Wyeth
> Stock.

210. Plaintiff meets the prerequisites of Rule 23(a) to bring this action on behalf of the Class because:

211. **_Numerosity._** The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are, at a minimum, over thousands of Class members who participated in, or were beneficiaries of, the Plans during the Class Period. The latest Annual Reports on Form 5500 disclose that there are approximately 32,650 participants in the Savings Plan, approximately 2,700 Participants in the Savings Plan PR, and more than 1,400 Participants in the Union Plan.

212. **_Commonality._** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

      (a)    Whether Defendants acted as fiduciaries;

      (b)    Whether Defendants breached their fiduciary duties to the Plans, Plaintiff and members of the Class by failing to act prudently and solely in the interests of the Plans, and the Plans' Participants and beneficiaries;

      (c)    Whether Defendants violated ERISA;

      (d)    Whether the Plans suffered a loss and, by extension, members of the Class sustained a diminution in vested benefits, and;

      (d)    What is the proper measure of loss to the Plans and subsequent allocation of vested benefits to the Plans' Participants.

213.   *Typicality.*  Plaintiff's claims are typical of the claims of the members of the Class because the Plans, the Plaintiff and the other members of the Class, each sustained a diminution in vested benefits arising out of Defendants' wrongful conduct in violation of federal law as complained of herein.

214.   *Adequacy.*   Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action, complex, and ERISA litigation.  Plaintiff has no interests antagonistic to or in conflict with those of the Class.

215.   Class action status in this ERISA action is warranted under Rule 23(b)(l)(B) because prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede their ability to protect their interests.

216.   Class action status is also warranted under the other subsections of Rule 23(b) because: (i) prosecution of separate actions by the members of the Class would create a risk of establishing incompatible standards of conduct for Defendants; (ii) Defendants have acted or refused to act on grounds generally applicable to the Plans and the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole; and (iii) questions of law or fact common to members of the Class predominate over any questions affecting only individual members and a class action is superior to the other available methods for the fair and efficient adjudication of this controversy.

## CAUSES OF ACTION

## COUNT I

217.   Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

218.   At all relevant times, as alleged above, Defendants were fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

219.   As alleged above, Defendants were responsible, in different ways and to differing extents, for the selection and monitoring of the Plans' investment options, including the option of investing in Company Stock.

220.   Under ERISA, fiduciaries who exercise discretionary authority or control over management of a plan or disposition of a plan's assets are responsible for ensuring that investment options made available to participants under a plan are prudent.  Furthermore, such fiduciaries are responsible for ensuring that assets within the plan are prudently invested. Defendants were responsible for ensuring that all investments in Wyeth Stock in the Plans were prudent and that such investments were consistent with the purpose of the Plans.  Defendants are therefore liable for losses incurred as a result of such investments being imprudent.

221.   A fiduciary's duty of loyalty and prudence requires it to disregard plan documents or directives that it knows or reasonably should know would lead to an imprudent result or would otherwise harm plan participants or beneficiaries.  ERISA § 404(a)(l)(D), 29 U.S.C. § 1104(a)(l)(D).  Thus, a fiduciary may not blindly follow plan documents or directives that would lead to an imprudent result or that would harm plan participants or beneficiaries, nor may it

allow others, including those whom they direct or who are directed by the plan, including plan trustees, to do so.

222. Because of the positions held by the individual Defendants, including the members of the Savings Plan Committee, the Savings Plan - Puerto Rico Committee or the Retirement Committee, each either knew, consciously disregarded, was reckless or grossly negligent in not knowing, or should have known the adverse, non-public information about the business of Wyeth including its finances, markets and present and future business prospect, via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board meetings and committees thereof, as well as reports and other information provided to him in connection therewith.

223. Moreover, during the Class Period, despite their knowledge of the imprudence of the investment, Defendants failed to take any meaningful steps to prevent the Plans, and indirectly the Plans' Participants and beneficiaries, from suffering losses as a result of the Plans' investment in Wyeth Stock. Further, given that such a high concentration of the assets of the Plans was invested in the stock of a single company (Wyeth), Defendants were obliged to have in place some financial strategy to address the extreme volatility of single equity investments. All categories of Defendants failed to implement any such strategy.

224. The fiduciary duty of loyalty also entails a duty to avoid conflicts of interest and to resolve them promptly when they occur. A fiduciary must always administer a plan with single-minded devotion to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan sponsor.

225. Defendants breached their co-fiduciary obligations by, among their other failures: failing to prudently and loyally manage the Plans' assets with respect to offering Company Stock as an investment option in the Plans and failing to prudently manage the Plans' assets with respect to the Plans' investments. Having knowledge of their failure to prudently manage the Plans' assets, Defendants further breached their co-fiduciary obligations by not making any effort to remedy their actions..

226. Specifically, at least some of the Defendants had actual knowledge of Wyeth's corporate malfeasance and questionable reporting and business. In addition, in light of their high-ranking positions as high ranking officers at the Company, Defendants had/should have had constructive knowledge of these activities.

227. Despite this knowledge, Defendants participated in each other's failures to prudently manage the Plans' assets and knowingly concealed such failures by not informing Participants that the Plans' holdings of Wyeth Stock were not being prudently managed. They also failed to remedy their mutual breaches of the duty to prudently manage the Plans' investment in Wyeth Stock, despite inarguably having knowledge of such breaches.

228. Furthermore, through their own failure to prudently and loyally manage the Plans' investment in Wyeth Stock, or to undertake any genuine effort to investigate the merits of such investment, or to ensure that other fiduciaries were doing so, Defendants named in this Count enabled their co-fiduciaries to breach their own independent duty to prudently and loyally manage the Plans' investment in Wyeth Stock.

229. As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plans, and indirectly Plaintiff and the Plans' other Participants and beneficiaries, lost a

significant portion of their investments meant to help Participants save for retirement Pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a) and ERISA § 409, 29 U.S.C. § 1109(a), Defendants in this Count are liable to restore the losses to the Plans caused by their breaches of fiduciary duties alleged in this Count.

## COUNT II

230.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

231.    At all relevant times, as alleged above, Defendants were fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

232.    As alleged above, the scope of Defendants' fiduciary duties and responsibilities included disseminating plan documents and information to Participants regarding the Plans and assets of the Plans.  In addition, Defendants had a duty to provide Participants with information they possessed that they knew or should have known, would have an extreme impact on the Plans.

233.    The duty of loyalty under ERISA requires fiduciaries to speak truthfully to Participants, not to mislead them regarding the Plans or the Plans' assets, and to disclose information that Participants need in order to exercise their rights and interests under the Plans. This duty to inform Participants includes an obligation to provide Participants and beneficiaries of the Plans with complete and accurate information, and to refrain from providing false information or concealing material information regarding the Plans' investment options such that Participants can make informed decisions with regard to investment options available under the

Plans, this duty applies to all of the Plans' investment options, including investment in Wyeth Stock.

234. Because a substantial percentage of the Plans' assets were invested in Wyeth Stock, and Defendants chose to invest overwhelmingly in Wyeth Stock, such investment carried with it an inherently high degree of risk. This inherent risk made Defendants' duty to provide complete and accurate information particularly important with respect to Company Stock.

235. Specifically, Wyeth, through its officers and directors issued a multitude of false and misleading statements through SEC filings and press releases regarding value of Wyeth Stock and the financial health of the Company.

236. Upon information and belief, such communications were disseminated directly to all Participants, which incorporated by reference the Company's materially misleading and inaccurate SEC filings and reports furnished by Wyeth, through its officers and Director Defendants. In addition, upon information and belief, the Company communicated directly with all Participants regarding the merits of investing in Wyeth Stock in company-wide and uniform communications, and, yet, in the context of such communications failed to provide complete and accurate information regarding Wyeth Stock as required by ERISA.

237. In addition, Defendants were responsible for providing Participants in the Plans with investment education and communication. Defendants, however, failed to disclose any information to the Plans Participants regarding Wyeth's deceitful business practices and how these activities adversely affected Company stock as a prudent investment option under the Plans. Defendants thus breached their duty to provide Participants with complete and accurate

information necessary for making informed investment decisions with regard to investment options under the Plans.

238. Defendants breached their duty to inform Participants by failing to provide complete and accurate information regarding Wyeth Stock, making material misrepresentations about the Company's financial condition, and, generally, by conveying inaccurate information regarding the soundness of Wyeth Stock and the prudence of investing retirement contributions in the Company's stock.

239. These failures were particularly devastating to the Plans and the Participants, as a significant percentage of the Plans' assets were invested in Wyeth Stock during the Class Period and, thus, the stock's precipitous decline had an enormous impact on the value of Participants' retirement assets.

240. In addition, Defendants knew or should have known that information they possessed regarding the true condition of Wyeth would have an extreme impact on the Plans. Yet, in violation of their fiduciary duties, Defendants failed to provide Participants with this crucial information.

241. As a consequence of the failure of Defendants named in this Count to satisfy their disclosure obligations under ERISA, Participants lacked sufficient information to make informed choices regarding investment of their retirement savings in Wyeth Stock, or to appreciate that under the circumstances known to the fiduciaries, but not known by Participants, Wyeth Stock was an inherently unsuitable and inappropriate investment option for their plan accounts. Had accurate information been provided, Participants could have protected themselves against losses accordingly, and consequently, Participants relied to their detriment on the incomplete and

inaccurate information provided by Defendants in their fiduciary communications and failures thereof.

242.    As a consequence of Defendants' breaches of fiduciary duty alleged in this Count, the Plans suffered tremendous losses.  If Defendants had discharged their fiduciary duties to prudently invest the Plans' assets, the losses suffered by the Plans would have been minimized or avoided.  Therefore, as a direct and proximate result of the breaches of fiduciary and co-fiduciary duties alleged herein, the Plans, and indirectly Plaintiff and the other Class members, lost millions of dollars of retirement savings.

243.    Pursuant to ERISA §§ 409 and 502(a), 29 U.S.C. §§ 1109(a) and 1132(a), Defendants are liable to restore the losses to the Plans caused by their breaches of fiduciary duties alleged in this Count and to provide other equitable relief as appropriate.

## **COUNT III**

244.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

245.    At all relevant times, as alleged above, Defendants were fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).  At all relevant times, as alleged above, the scope of the fiduciary responsibilities of Defendants included the responsibility to appoint, evaluate, and monitor other fiduciaries.  The duty to monitor entails both giving information to and reviewing the actions of the monitored fiduciaries. The monitoring defendant fiduciaries had the duty to:

(a)    Ensure that the appointed plan fiduciaries possess the needed credentials and experience, or use qualified advisors and service providers to fulfill their duties. They must

be knowledgeable about the operations of the Plans, the goals of the Plans, as noted above, and the behavior of the Plans' Participants;

(b)     Ensure that the appointed plan fiduciaries are provided with adequate financial resources to do their job;

(c)     Ensure that the appointed plan fiduciaries have adequate information to do their job of overseeing the Plans' investments;

(d)     Ensure that the appointed plan fiduciaries have ready access to outside, impartial advisors when needed;

(e)     Ensure that the appointed plan fiduciaries maintain adequate records of the information on which they base their decisions and analysis with respect to the Plans' investment options, and;

(f)     Ensure that the appointed plan fiduciaries report regularly to the Company, the Company must then review, understand, and approve the conduct of the hands-on fiduciaries.

246.     Under ERISA, a monitoring fiduciary must ensure that the monitored fiduciaries are performing their fiduciary obligations, including those with respect to the investment of the Plans assets, and must take prompt and effective action to protect the Plans and Participants when they are not.  In addition, a monitoring fiduciary must provide the monitored fiduciaries with complete and accurate information in their possession that they know or reasonably should know that the monitored fiduciaries must have in order to prudently manage the Plans and the Plans assets.

247.     Defendants breached their fiduciary monitoring duties by, among other things: (a) failing to ensure that the appointed plan fiduciaries were given adequate information about the Company's business problems alleged above, which made Company Stock an imprudent investment, which was necessary for them to perform their duties of overseeing the Plans' investments, and (b) failing to ensure that the monitored fiduciaries completely appreciated the huge risk of significant investment by rank and file employees in an undiversified employer stock fund which was made up primarily of Company Stock, an investment that was imprudent and inherently subject to significant downward movements, especially here where the stock was artificially inflated by non-public corporate malfeasance and illicit activities.

248.     Defendants also breached this duty by not properly disclosing information that they knew or should have known, about the Company's improper business practices to the Trustee. The Trustee is responsible for investing and managing assets of the Plans. However, in doing so, the Trustee shall be subject to the direction and guidance of Wyeth.

249.     Defendants knew or should have known that the fiduciaries they were responsible for monitoring were: (a) imprudently allowing the Plans to continue offering Wyeth Stock as an investment alternative for the Plans, and (b) continuing to invest the assets of the Plans in Wyeth Stock when it no longer was prudent to do so. Despite this knowledge, Defendants failed to take action to protect the Plans, and concomitantly the Plans' Participants, from the consequences of these fiduciaries' failures.

250.     Defendants are liable as co-fiduciaries because they knowingly participated in each other's fiduciary breaches as well as those by the appointed plan fiduciaries, they enabled

the breaches by these Defendants, and they failed to make any effort to remedy these breaches, despite having knowledge of them.

251.    As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plans, and indirectly the Plaintiff and the Plans' other Participants and beneficiaries, lost a significant portion of their investments meant to help Participants save for retirement.

252.    Pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a) and ERISA § 409, 29 U.S.C., § 1109(a), Defendants in this Count are liable to restore the losses to the Plans caused by their breaches of fiduciary duties alleged in this Count.

## COUNT IV

253.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

254.    At all relevant times, as alleged above, Defendants were fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

255.    ERISA § 404(a)(l)(A), 29 U.S.C. § 1104(a)(l)(A), imposes on a Plans fiduciary a duty of loyalty, that is, a duty to discharge his/her duties with respect to a plan solely in the interest of the Participants and beneficiaries and for the exclusive purpose of providing benefits to Participants and beneficiaries.

256.    Given the allegations listed above, Defendants clearly placed the interests of themselves and the Company, as evidenced by the longstanding artificial inflation of Company Stock, before the interests of the Plans and its Participants and beneficiaries.  These conflicts of interest put Defendants in the inherently problematic position of having to choose between their own interests as directors, officers, executives (and Wyeth stockholders), and the interests of the

Plans' Participants and beneficiaries, in whose interests Defendants were obligated to loyally serve with an "eye single."

257. Defendants breached their duty to avoid conflicts of interest and to promptly resolve them by, *inter alia*: failing to engage independent fiduciaries who could make independent judgments concerning the Plans' investment in Wyeth Stock; failing to notify appropriate federal agencies, including the SEC of the facts and transactions which made Wyeth Stock an unsuitable investment for the Plans; failing to take such other steps as were necessary to ensure that Participants' interests were loyally and prudently served; with respect to each of these above failures, doing so in order to prevent drawing attention to the Company's inappropriate practices; and by otherwise placing the interests of the Company and themselves above the interests of the Participants with respect to the Plans' investment in Company Stock.

258. Pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) and ERISA § 409, 29 U.S.C. § 1109(a), Defendants in this Count are liable to restore the losses to the Plans caused by their breaches of fiduciary duties alleged in this Count.

## COUNT V

259. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

260. ERISA § 405(a), 29 U.S.C. § 1105, imposes liability on a fiduciary, in addition to any liability which he may have under any other provision, for a breach of fiduciary responsibility of another fiduciary with respect to the same plan if: (a) he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (b) he fails to comply with § 1104(a)(l) in the administration of his

specific responsibilities which give rise to his status as a fiduciary, by enabling such other fiduciary to commit a breach; or (c) he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

261.    As alleged herein, Defendants withheld material information from the Plans' Participants and provided misleading disclosures, by the conduct set forth above, and profited from such practices, and, thus, knowledge of such practices is imputed to Defendants as a matter of law.    In addition, as alleged herein on information and belief, Defendants participated in and/or knew about the Company's misrepresentations regarding the Company's financial condition.  Thus, Defendants as well had knowledge at all relevant times of the factual matters pertaining to the imprudence of Wyeth Stock as an investment for the Participants' retirement assets.

262.    Despite this knowledge, Defendants knowingly participated in their co-fiduciaries' failures to prudently and loyally manage the Plans' investment and holding of Wyeth Stock during the Class Period.  They did so by themselves making imprudent and disloyal decisions respecting the Plans' investment in Wyeth Stock in the manner alleged herein in violation of ERISA § 405(a)(l)(A).   In addition, Defendants failed to undertake any effort to remedy their co-fiduciaries' and one-another's failures to prudently and loyally manage the Plans' investment in Wyeth Stock despite knowing such failures were breaches of fiduciary duty under ERISA. Instead, they allowed the harm to continue and contributed to it throughout the Class Period in violation of ERISA § 405(a)(l)(C).

263.    In further violation of ERISA § 405(a)(l)(C), Defendants also knew that inaccurate and incomplete information had been provided to Participants, yet, they failed to

undertake any effort to remedy this breach by ensuring that accurate disclosures were made to Participants and the market as a whole. Instead, they compounded the problem by downplaying the significance of Wyeth's problems and further concealing such practices from Participants and the market as a whole.

264.    In addition, Defendants enabled the imprudent asset management decisions of any and all other Defendant -- including any appointed plan fiduciaries -- who lacked knowledge of the circumstances rendering the stock imprudent, by failing to provide such persons with complete and accurate information regarding the stock, or to the extent all such persons possessed the information, by failing to ensure that they appreciated the true risks to the Plans caused by the Company's improper practices, so that these other Defendants could effectively discharge their obligation to prudently and loyally manage the Plans' investment in Wyeth Stock. In so doing, these Defendants breached ERISA § 405(a)(l)(B).

265.    Further, through their failure to properly and effectively monitor and remove those fiduciaries whose performance was inadequate as alleged above, Defendants enabled these appointed plan fiduciaries' imprudent management of the Wyeth Stock in the Plans.

266.    As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plans, and indirectly Plaintiff and the Plans' other Participants and beneficiaries, lost a significant portion of their retirement investment.

267.    Pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a) and ERISA § 409, 29 U.S.C. § 1109(a), Defendants in this Count are liable to restore the losses to the Plans caused by their breaches of fiduciary duties alleged in this Count.

## COUNT VI

268. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

269. To the extent that Wyeth is found not to have been a fiduciary or to have acted in a fiduciary capacity with respect to the conduct alleged to have violated ERISA, Wyeth knowingly participated in the breaches of those Defendants who were fiduciaries and acted in a fiduciary capacity and as such is liable for equitable relief as a result of participating in such breaches.

270. Wyeth benefited from the breaches by discharging its obligations to make contributions to the Plans in amounts specified by contributing Wyeth Stock to the Plans while the value of the stock was inflated as the result of the breaches of fiduciary duty alleged herein and as a result of Wyeth providing the market with materially misleading statements and omissions. Accordingly, Wyeth may be required to disgorge this benefit or a constructive trust should be imposed on treasury shares of Wyeth Stock which would have been contributed to the Plans, but for Wyeth's participation in the foregoing breaches of fiduciary duty.

## CAUSATION

271. The Plans suffered millions of dollars in losses in plan benefits because substantial assets of the Plans were imprudently invested or allowed to be invested by Defendants in Wyeth Stock during the Class Period, in breach of Defendants' fiduciary duties. These losses to the Plans were reflected in the diminished account balances of the Plans' Participants.

272.     Defendants are responsible for losses in plan benefits caused by the Participants' direction of investment in Wyeth Stock, because Defendants failed to take the necessary and required steps to ensure effective and informed independent participant control over the investment decision-making process, as required by ERISA § 404(c), 29 U.S.C. § 1104(c), and the regulations promulgated thereunder. Defendants concealed material, non-public facts from Participants, and provided inaccurate, incomplete and materially misleading information to them regarding the true health and ongoing profitability of the Company, thereby misrepresenting the Company's soundness as an investment vehicle. As a consequence, Participants could not exercise independent control over their investments in Wyeth Stock, and Defendants remain liable under ERISA for losses caused by such investment.

273.     Defendants are also responsible for all losses in plan benefits caused by the investment of the Plans' Company Contributions in Wyeth Stock during the Class Period, as Defendants controlled the investment, and that investment was imprudent.

274.     Had Defendants properly discharged their fiduciary and/or co-fiduciary duties, including the provision of full and accurate disclosure of material facts concerning investment in Wyeth Stock, eliminating such Company Stock as an investment alternative when it became imprudent, and divesting the Plans from its holdings of Wyeth Stock when maintaining such an investment became imprudent, the Plans would have avoided a substantial portion of the losses that they suffered.

275.     Also, reliance is presumed in an ERISA breach of fiduciary duty case. Nevertheless, to the extent that reliance is an element of the claim, Plaintiff relied to his detriment on the misstatements and omissions that Defendants made to plan Participants.

## <u>REMEDY FOR BREACHES OF FIDUCIARY DUTY</u>

276.    Defendants breached their fiduciary duties in that they knew or should have known the facts as alleged above, and therefore knew or should have known that the Plans' assets should not have been invested in Wyeth Stock during the Class Period.  As a consequence of Defendants' breaches, the Plans suffered significant losses.

277.    ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) authorizes a Plans participant to bring a civil action for appropriate relief under ERISA § 409, 29 U.S.C. § 1109.  Section 409 requires "any person who is a fiduciary. . . who breaches any of the . . . duties imposed upon fiduciaries . . . to make good to such plan any losses to the plan . . . ."  Section 409 also authorizes "such other equitable or remedial relief as the court may deem appropriate . . . ."

278.    With respect to calculation of the losses to a plan, breaches of fiduciary duty result in a presumption that, but for the breaches of fiduciary duty, the Participants and beneficiaries in the Plans would not have made or maintained their investments in the challenged investment and, where alternative investments were available, that the investments made or maintained in the challenged investment would have instead been made in the most profitable alternative investment available.  In this way, the remedy restores the values of the Plans' assets to what they would have been if the Plans had been, properly administered.

279.    Plaintiff and the Class are therefore entitled to relief from Defendants in the form of: (a) a monetary payment to the Plans to make good to the Plans the losses to the Plans resulting from the breaches of fiduciary duties alleged above in an amount to be proven at trial based on the principles described above, as provided by ERISA § 409(a), 29 U.S.C. § 1109(a); (b) injunctive and other appropriate equitable relief to remedy the breaches alleged above, as

provided by ERISA §§ 409(a) and 502(a)(2-3), 29 U.S.C. §§ 1109(a) and 1132(a)(2-3); (c) reasonable attorney fees and expenses, as provided by ERISA § 502(g), 29 U.S.C. § 1132(g), the common fund doctrine, and other applicable law; (d) taxable costs; (e) interest on these amounts, as provided by law; and (f) such other legal or equitable relief as may be just and proper.

280.    Under ERISA, each Defendant is jointly and severally liable for the losses suffered by the Plans in this case.

### ERISA SECTION 404(c) DEFENSE INAPPLICABLE

281.    ERISA § 404(c) is an affirmative defense that provides a limited exception to fiduciary liability for losses that result from Participants' exercise of control over investment decisions.    In order for § 404(c) to apply, Participants must in fact exercise "independent control" over investment decisions, and the fiduciaries must otherwise satisfy the procedural and substantive requirements of ERISA § 404(c), 29 U.S.C. § 1104(c) and the regulations promulgated under it.

282.    Those provisions were not complied with here as, among other reasons, instead of taking the necessary steps to ensure effective participant control by complete and accurate material information disclosure, Defendants did exactly the opposite.    As a consequence, Participants in the Plans did not have informed control over the portion of the Plans' assets that were invested in Wyeth Stock as a result of their investment directions, and Defendants remained entirely responsible for losses that result from such investment.

283.    Because ERISA § 404(c) does not apply here, Defendants' liability to the Plans, the Plaintiff and the Class for relief stemming from Participants' decisions to invest contributions

in Wyeth Stock is established upon proof that such investments were or became imprudent and resulted in losses in the value of the assets in the Plans during the Class Period.

284.    Furthermore, under ERISA, fiduciaries -- not Participants -- exercise control over the selection of investment options made available to Participants.   Thus, whether or not Participants are provided with the ability to select among different investment options, and whether or not Participants exercised effective control over their investment decisions (which was not the case here), liability attaches to the fiduciaries if an imprudent investment is selected by the fiduciaries and presented as an option to Participants, and as a result of such action the Plans suffers a loss.  Because this is precisely what occurred in this case, Defendants are liable for the losses incurred by the Plans.

285.    Finally, Defendants remain liable for Plans losses that pertain to Wyeth Stock acquired by the Plans with employer contributions, as Participants did not exercise any control.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for:

A.    A Declaration that Defendants, and each of them, have breached their ERISA fiduciary duties to the Participants;

B.    A Declaration that Defendants, and each of them, are not entitled to the protection of ERISA § 404(c)(l)(B), 29 U.S.C. § 1104(c)(l)(B);

C.    An Order compelling Defendants to make good to the Plans all losses to the Plans resulting from Defendants' breaches of their fiduciary duties, including losses to the Plans resulting from imprudent investment of the Plans' assets, and to restore to the Plans all profits

Defendants made through use of the Plans' assets, and to restore to the Plans all profits which the Participants would have made if Defendants had fulfilled their fiduciary obligations;

D.    Imposition of a Constructive Trust on any amounts by which any Defendant was unjustly enriched at the expense of the Plans as the result of breaches of fiduciary duty;

E.    An Order enjoining Defendants, and each of them, from any further violations of their ERISA fiduciary obligations;

F.    An Order requiring Defendants to appoint one or more independent fiduciaries to participate in the management of the Plans' investment in Wyeth Stock;

G.    Actual damages in the amount of any losses the Plans suffered, to be allocated among the Participants' individual accounts as benefits due in proportion to the accounts' diminution in value;

H.    An Order awarding costs pursuant to 29 U.S.C. § 1132(g);

I.    An Order awarding attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the common fund doctrine; and

J.    An Order for equitable restitution and other appropriate equitable monetary relief against Defendants.

Dated:  February 27, 2008          **LITE DEPALMA GREENBERG & RIVAS, LLC**

By:    /s/ Joseph J. DePalma
        Joseph J. DePalma
        Katrina Carroll
        Two Gateway Center, 12th Floor
        Newark, NJ 07102
        Tel: (973) 623-3000
        Fax: (973) 623-0858
        Email: jdepalma@dgrlaw.com
                  kcarroll@ldgrlaw.com

**GAINEY & McKENNA**
Thomas J. McKenna
295 Madison Avenue
New York, NY 10017
Tel: (212) 983-1300
Fax: (212) 983-0383
Email: tjmckenna@gaineyandmckenna.com

**SQUITIERI & FEARON, LLP**
Stephen J. Fearon, Jr.
32 East 57th Street, 12th Floor
New York, New York 10022
Tel:  (212) 421-6492
Fax:  (212) 421-6553
Email: stephen@sfclasslaw.com

*Attorneys for Plaintiff*

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

Plaintiff, by his attorneys, hereby certifies that to the best of his knowledge, the matter in controversy is not related to any other action. Plaintiff is not currently aware of any other party who should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: February 27, 2008      **LITE DEPALMA GREENBERG & RIVAS, LLC**

By:    /s/ Joseph J. DePalma
        Joseph J. DePalma
        Katrina Carroll
        Two Gateway Center, 12th Floor
        Newark, NJ 07102
        Tel: (973) 623-3000
        Fax: (973) 623-0858
        Email: jdepalma@dgrlaw.com
               kcarroll@ldgrlaw.com

        **GAINEY & McKENNA**
        Thomas J. McKenna
        295 Madison Avenue
        New York, NY 10017
        Tel: (212) 983-1300
        Fax: (212) 983-0383
        Email: tjmckenna@gaineyandmckenna.com

        **SQUITIERI & FEARON, LLP**
        Stephen J. Fearon, Jr.
        32 East 57th Street, 12th Floor
        New York, New York 10022
        Tel: (212) 421-6492
        Fax: (212) 421-6553
        Email: stephen@sfclasslaw.com

        *Attorneys for Plaintiff*

**LITE DePALMA GREENBERG & RIVAS, LLC**
Joseph J. DePalma
Katrina Carroll
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARLOS M. HERRERA, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS 1-30,<br><br>Defendants. | Civil Action No. |

**CERTIFICATE OF NON-ARBITRABILITY**

Joseph J. DePalma, of full age, certifies that, pursuant to L. Civ. R. 201.1, the within matter is not arbitrable, being that the Complaint seeks damages that are in an excess of $150,000 and equitable relief.

/s/ Joseph J. DePalma
Joseph J. DePalma

Dated: February 27, 2008

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CARLOS M. HERRERA

## DEFENDANTS
Wyeth, Wyeth Savings Plan Committee, Wyeth Savings Plan-Puerto Rico Committee, Wyeth Retirement Committee, Robert Essner, et al

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Morris
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lite DePalma Greenberg & Rivas, LLC, Two Gateway Center, 12th Floor, Newark, NJ 07102

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                              and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☒ 791 Empl. Ret. Inc | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Section 502 of ERISA, 29 U.S.C. Section 1132
Brief description of cause:
breach of fiduciary duties

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE
02/26/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and
all others similarly situated

CIVIL ACTION NUMBER:

Plaintiffs,

v.

WYETH, WYETH SAVINGS PLAN
COMMITTEE, WYETH SAVINGS PLAN-
PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER,
BERNARD POUSSOT, PAUL J. JONES,
KENNETH J. MARTIN, RENE R. LEWIN,
LAWRENCE STEIN, MARY KATHERINE
WOLD, KAREN L. LING and UNKNOWN
FIDUCIARY DEFENDANTS 1-30,

Defendants.

TO: WYETH
5 Giralda Farms
Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

Joseph J. DePalma
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

CLERK                                          DATE

BY DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

# *United States District Court*

_____ **DISTRICT OF NEW JERSEY** _____

### SUMMONS IN A CIVIL ACTION

_____

CARLOS M. HERRERA, on behalf of himself and
all others similarly situated

CIVIL ACTION NUMBER:

                      Plaintiffs,

                v.

WYETH, WYETH SAVINGS PLAN
COMMITTEE, WYETH SAVINGS PLAN-
PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER,
BERNARD POUSSOT, PAUL J. JONES,
KENNETH J. MARTIN, RENE R. LEWIN,
LAWRENCE STEIN, MARY KATHERINE
WOLD, KAREN L. LING and UNKNOWN
FIDUCIARY DEFENDANTS 1-30,

                    Defendants.

_____

        TO:      WYETH SAVINGS PLAN COMMITTEE c/o WYETH
                      5 Giralda Farms
                      Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

                Joseph J. DePalma
                Lite DePalma Greenberg & Rivas, LLC
                Two Gateway Center, 12th Floor
                Newark, NJ  07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

_____           _____
CLERK                                DATE

_____
BY DEPUTY CLERK

170841 v1

# United States District Court

## DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

           Plaintiffs,

           v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

           Defendants.

CIVIL ACTION NUMBER:

        TO:

           WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE
           c.o WYETH
           5 Giralda Farms
           Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

        Joseph J. DePalma
        Lite DePalma Greenberg & Rivas, LLC
        Two Gateway Center, 12th Floor
        Newark, NJ  07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

_____
CLERK

DATE _____

_____
BY DEPUTY CLERK

170841 v1

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

CIVIL ACTION NUMBER:

Plaintiffs,

v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

Defendants.

TO:
WYETH RETIREMENT COMMITTEE
c/o WYETH
5 Giralda Farms
Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

Joseph J. DePalma
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

_____          _____
CLERK                                                    DATE

_____
BY DEPUTY CLERK

170841 v1

# *United States District Court*

## DISTRICT OF NEW JERSEY

### SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others similarly situated

                Plaintiffs,

              v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS 1-30,

              Defendants.

CIVIL ACTION NUMBER:

TO:      ROBERT ESSNER
c/o WYETH
5 Giralda Farms
Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

      Joseph J. DePalma
      Lite DePalma Greenberg & Rivas, LLC
      Two Gateway Center, 12th Floor
      Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK                                  DATE

BY DEPUTY CLERK

170841 v1

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

### SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

              Plaintiffs,

              v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

              Defendants.

CIVIL ACTION NUMBER:

TO:

    BERNARD POUSSOT
    c/o WYETH
    5 Giralda Farms
    Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

    Joseph J. DePalma
    Lite DePalma Greenberg & Rivas, LLC
    Two Gateway Center, 12th Floor
    Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

CLERK

DATE

BY DEPUTY CLERK

170841 v1

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

### SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

               Plaintiffs,

         v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

             Defendants.

CIVIL ACTION NUMBER:

TO:

PAUL J. JONES
c/o WYETH
5 Giralda Farms
Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

Joseph J. DePalma
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK

DATE

BY DEPUTY CLERK

170841 v1

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

### DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others similarly situated

        Plaintiffs,

        v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS 1-30,

        Defendants.

CIVIL ACTION NUMBER:

TO:    KENNETH J. MARTIN
        c/o WYETH
        5 Giralda Farms
        Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

        Joseph J. DePalma
        Lite DePalma Greenberg & Rivas, LLC
        Two Gateway Center, 12th Floor
        Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK

DATE

BY DEPUTY CLERK

170841 v1

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF NEW JERSEY _____

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

                Plaintiffs,

                v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

                Defendants.

CIVIL ACTION NUMBER:

          TO:         RENE R. LEWIN
                   c/o WYETH
                   5 Giralda Farms
                   Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

         Joseph J. DePalma
         Lite DePalma Greenberg & Rivas, LLC
         Two Gateway Center, 12th Floor
         Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

_____        _____
CLERK                          DATE

_____
BY DEPUTY CLERK

170841 v1

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

CIVIL ACTION NUMBER:

Plaintiffs,

v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

Defendants.

TO:         LAWRENCE STEIN
c/o WYETH
5 Giralda Farms
Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

Joseph J. DePalma
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

CLERK

DATE

BY DEPUTY CLERK

170841 v1

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

                    Plaintiffs,

                    v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

                    Defendants.

CIVIL ACTION NUMBER:

TO:

        MARY KATHERINE WOLD
        c/o WYETH
        5 Giralda Farms
        Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

        Joseph J. DePalma
        Lite DePalma Greenberg & Rivas, LLC
        Two Gateway Center, 12th Floor
        Newark, NJ  07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

CLERK

DATE

BY DEPUTY CLERK

170841 v1

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

### SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others similarly situated

                    Plaintiffs,

                    v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS 1-30,

                    Defendants.

CIVIL ACTION NUMBER:

TO:

        KAREN L. LING
        c/o WYETH
        5 Giralda Farms
        Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

        Joseph J. DePalma
        Lite DePalma Greenberg & Rivas, LLC
        Two Gateway Center, 12th Floor
        Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

_____        _____
CLERK                            DATE

_____
BY DEPUTY CLERK

170841 v1

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

### SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others similarly situated

            Plaintiffs,

            v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS 1-30,

            Defendants.

CIVIL ACTION NUMBER: *08-1066 (WJM)*

TO:    WYETH
       5 Giralda Farms
       Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

       Joseph J. DePalma
       Lite DePalma Greenberg & Rivas, LLC
       Two Gateway Center, 12th Floor
       Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WILLIAM T. WALSH

                                              3-59-08

CLERK                                         DATE

DIANNE C. RICHARDS

BY DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER (PRINT) | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

### DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
               Date                    *Signature of Server*

                                       _____
                                       *Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 1/90) Summons in a Civil Action

# United States District Court

### _____ DISTRICT OF NEW JERSEY _____

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and
all others similarly situated

CIVIL ACTION NUMBER: _08-1066_
_(WJM)_

Plaintiffs,

v.

WYETH, WYETH SAVINGS PLAN
COMMITTEE, WYETH SAVINGS PLAN-
PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER,
BERNARD POUSSOT, PAUL J. JONES,
KENNETH J. MARTIN, RENE R. LEWIN,
LAWRENCE STEIN, MARY KATHERINE
WOLD, KAREN L. LING and UNKNOWN
FIDUCIARY DEFENDANTS 1-30,

Defendants.

TO:     WYETH SAVINGS PLAN COMMITTEE c/o WYETH
        5 Giralda Farms
        Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

> Joseph J. DePalma
> Lite DePalma Greenberg & Rivas, LLC
> Two Gateway Center, 12th Floor
> Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

WILLIAM T. WALSH                                    _2-29-08_

CLERK                                              DATE

DIANNE C. RICHARDS

BY DEPUTY CLERK

170841 v1

AO 440 (Rev. 8/01) Summons in a Civil Action

# RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
            Date          *Signature of Server*

                          _____
                          *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others similarly situated

                Plaintiffs,

v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS 1-30,

                Defendants.

CIVIL ACTION NUMBER: *08-1066 (WJM)*

TO:       WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE
c.o WYETH
5 Giralda Farms
Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

       Joseph J. DePalma
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WILLIAM T. WALSH

                                 2-59-08

CLERK                              DATE

DIANNE C. RICHARDS

BY DEPUTY CLERK

170841 v1

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                        Date                            *Signature of Server*

                                          _____
                                          *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

### SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

CIVIL ACTION NUMBER:  08-1066
(w Jm)

Plaintiffs,

v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

Defendants.

TO:           WYETH RETIREMENT COMMITTEE
              c/o WYETH
              5 Giralda Farms
              Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

              Joseph J. DePalma
              Lite DePalma Greenberg & Rivas, LLC
              Two Gateway Center, 12th Floor
              Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

WILLIAM T. WALSH

CLERK

DATE  2-29-08

DIANNE C. RICHARDS /ca

BY DEPUTY CLERK

170841 v1

✎AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served:

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:

☐  Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                        Date                      *Signature of Server*


                                         _____
                                         *Address of Server*

_____
(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

CIVIL ACTION NUMBER: *08-7066 (WJM)*

Plaintiffs,

v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

Defendants.

TO:
ROBERT ESSNER
c/o WYETH
5 Giralda Farms
Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

Joseph J. DePalma
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, NJ  07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

WILLIAM T. WALSH

*2-29-08*

CLERK

DATE

DIANNE C. RICHARDS

BY DEPUTY CLERK

170841 v1

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| | TITLE |
|---|---|
| NAME OF SERVER *(PRINT)* | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                        Date                        *Signature of Server*


                                                      _____
                                                      *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

### SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

                 Plaintiffs,

            v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

                 Defendants.

CIVIL ACTION NUMBER:    08-1066
                  ( WJM )

TO:

        BERNARD POUSSOT
        c/o WYETH
        5 Giralda Farms
        Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

        Joseph J. DePalma
        Lite DePalma Greenberg & Rivas, LLC
        Two Gateway Center, 12th Floor
        Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WILLIAM T. WALSH              2-29-08

CLERK                                 DATE

DIANNE C. RICHARDS

BY DEPUTY CLERK

170841 v1

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                      Date                        *Signature of Server*

                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

CIVIL ACTION NUMBER:

*08-1066 (WJM)*

        Plaintiffs,

v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

        Defendants.

TO:

PAUL J. JONES
c/o WYETH
5 Giralda Farms
Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

Joseph J. DePalma
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

WILLIAM T. WALSH

CLERK

DIANNE C. RICHARDS

BY DEPUTY CLERK

*2-29-08*

DATE

170841 v1

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others similarly situated

                     Plaintiffs,

                        v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS 1-30,

                     Defendants.

CIVIL ACTION NUMBER:

*08 1066 (WJM)*

TO:

        KENNETH J. MARTIN
        c/o WYETH
        5 Giralda Farms
        Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

        Joseph J. DePalma
        Lite DePalma Greenberg & Rivas, LLC
        Two Gateway Center, 12th Floor
        Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WILLIAM T. WALSH

CLERK

                        DATE    *2-39-08*

DIANNE C. RICHARDS

BY DEPUTY CLERK

170841 v1

AO 440 (Rev. 8/01) Summons In a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____       _____
                    Date                    *Signature of Server*

                                    _____
                                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

                Plaintiffs,

          v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

                Defendants.

CIVIL ACTION NUMBER:     *08-1066*
                             *(W JM)*

TO:
        RENE R. LEWIN
        c/o WYETH
        5 Giralda Farms
        Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

        Joseph J. DePalma
        Lite DePalma Greenberg & Rivas, LLC
        Two Gateway Center, 12th Floor
        Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

WILLIAM T. WALSH                     *5-29-08*

CLERK                                        DATE

DIANNE C. RICHARDS

BY DEPUTY CLERK

170841 v1

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                              Date                            *Signature of Server*

                                                      _____
                                                      *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY _____

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others similarly situated

                        Plaintiffs,

                  v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS 1-30,

                        Defendants.

CIVIL ACTION NUMBER: 08 - 1066 (WJM)

TO:        LAWRENCE STEIN
               c/o WYETH
               5 Giralda Farms
               Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

        Joseph J. DePalma
        Lite DePalma Greenberg & Rivas, LLC
        Two Gateway Center, 12th Floor
        Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WILLIAM T. WALSH

CLERK

DIANNE C. RICHARDS

BY DEPUTY CLERK

DATE 5-29-08

170841 v1

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                              Date                                   *Signature of Server*


                                                        _____
                                                              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

### SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

CIVIL ACTION NUMBER: $08-1066$
$(WJM)$

Plaintiffs,

v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

Defendants.

TO:

MARY KATHERINE WOLD
c/o WYETH
5 Giralda Farms
Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

Joseph J. DePalma
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

## WILLIAM T. WALSH

$5-29-08$

CLERK

DATE

## DIANNE C. RICHARDS

BY DEPUTY CLERK

170841 v1

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL    $0.00 |

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                  Date                     *Signature of Server*

                                    _____
                                      *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

### DISTRICT OF NEW JERSEY

### SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

       Plaintiffs,

        v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

       Defendants.

CIVIL ACTION NUMBER: *08 -1066*
*(WJM)*

TO:

   KAREN L. LING
   c/o WYETH
   5 Giralda Farms
   Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

   Joseph J. DePalma
   Lite DePalma Greenberg & Rivas, LLC
   Two Gateway Center, 12th Floor
   Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

WILLIAM T. WALSH

CLERK

DATE   *5-29-08*

DIANNE C. RICHARDS

BY DEPUTY CLERK

170841 v1

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐   Served personally upon the defendant. Place where served:

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

     Name of person with whom the summons and complaint were left:

☐   Returned unexecuted:

☐   Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL   $0.00 |

## DECLARATION OF SERVER

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
              Date               *Signature of Server*

                          _____
                          *Address of Server*

_____

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

### DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and
all others similarly situated

                  Plaintiffs,

         v.

WYETH, WYETH SAVINGS PLAN
COMMITTEE, WYETH SAVINGS PLAN-
PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER,
BERNARD POUSSOT, PAUL J. JONES,
KENNETH J. MARTIN, RENE R. LEWIN,
LAWRENCE STEIN, MARY KATHERINE
WOLD, KAREN L. LING and UNKNOWN
FIDUCIARY DEFENDANTS 1-30,

                 Defendants.

CIVIL ACTION NUMBER: _08-1066_
(_WJM_)

TO:    WYETH
        5 Giralda Farms
        Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

        Joseph J. DePalma
        Lite DePalma Greenberg & Rivas, LLC
        Two Gateway Center, 12th Floor
        Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

WILLIAM T. WALSH

CLERK

DIANNE C. RICHARDS _dcr_

BY DEPUTY CLERK

DATE _5-39-08_

170841 v1

AO 440 (Rev. 10/93) Summons in a Civil Action          **RETURN OF SERVICE**

| | |
|---|---|
| SERVICE OF: | **SUMMONS AND COMPLAINT** |
| EFFECTED (1) BY ME: | **PASCAL KUVALAKIS** |
| TITLE: | **PROCESS SERVER**     DATE: **03/05/2008  04:23PM** |

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

WYETH

Place where served:

5 GIRALDA FARMS   MADISON NJ 07940

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

LISA   RYAN

Relationship to defendant: AUTHORIZED AGENT

Description of person accepting service:

SEX: F__ AGE: 36-50__ HEIGHT: 5'0"-5'3"__ WEIGHT: 100-130 LBS.____ SKIN: WHITE__ HAIR: BLACK___ OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

---

**STATEMENT OF SERVER**

TRAVEL $ _____.___          SERVICES $ _____.___          TOTAL $ _____.___

---

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 3 / 5 / 20 08 _____L.S.
                      SIGNATURE OF PASCAL KUVALAKIS
                      GUARANTEED SUBPOENA SERVICE, INC.
                      2009 MORRIS AVENUE
                      UNION, NJ 07083

*03/05/08*
*JACKELINE GONZALEZ*
*NOTARY PUBLIC OF NEW JERSEY*
*My Commission Expires Dec. 7, 2010*

| | |
|---|---|
| ATTORNEY: | JOSEPH J. DEPALMA, ESQ. |
| PLAINTIFF: | CARLOS M. HERRERA, ET AL |
| DEFENDANT: | WYETH, ET AL |
| VENUE: | DISTRICT |
| DOCKET: | 08 1066 WJM |

T Z

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF NEW JERSEY _____

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and
all others similarly situated

CIVIL ACTION NUMBER: _08-1066_
_(WJM)_

                Plaintiffs,

             v.

WYETH, WYETH SAVINGS PLAN
COMMITTEE, WYETH SAVINGS PLAN-
PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER,
BERNARD POUSSOT, PAUL J. JONES,
KENNETH J. MARTIN, RENE R. LEWIN,
LAWRENCE STEIN, MARY KATHERINE
WOLD, KAREN L. LING and UNKNOWN
FIDUCIARY DEFENDANTS 1-30,

              Defendants.

TO:     WYETH SAVINGS PLAN COMMITTEE c/o WYETH
           5 Giralda Farms
           Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

           Joseph J. DePalma
           Lite DePalma Greenberg & Rivas, LLC
           Two Gateway Center, 12th Floor
           Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

WILLIAM T. WALSH

DATE     2-29-08

CLERK

DIANNE C. RICHARDS

BY DEPUTY CLERK

170841 v1

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| SERVICE OF: | **SUMMONS AND COMPLAINT** |
| EFFECTED (1) BY ME: | **PASCAL KUVALAKIS** |
| TITLE: | **PROCESS SERVER** | DATE: **03/05/2008  04:24PM** |

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

WYETH SAVINGS PLAN COMMITTEE C/O WYETH

Place where served:

5 GIRALDA FARMS   MADISON NJ 07940

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

LISA   RYAN

Relationship to defendant: AUTHORIZED AGENT

Description of person accepting service:

SEX: F___ AGE: 36-50 __ HEIGHT: 5'0"-5'3" ___ WEIGHT: 100-130 LBS. ___ SKIN: WHITE ___ HAIR: BLACK ___ OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

## STATEMENT OF SERVER

TRAVEL $ _____.___          SERVICES $ _____.___          TOTAL $ _____.___

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 3 / 5 / 20 08          _____ L.S.
SIGNATURE OF PASCAL KUVALAKIS
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

03/05/08
JACKELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 7, 2010

| | |
|---|---|
| ATTORNEY: | JOSEPH J. DEPALMA, ESQ. |
| PLAINTIFF: | CARLOS M. HERRERA, ET AL |
| DEFENDANT: | WYETH, ET AL |
| VENUE: | DISTRICT |
| DOCKET: | 08 1066 WJM |

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

T Z

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

### SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

                    Plaintiffs,

       v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

                    Defendants.

CIVIL ACTION NUMBER: _08-1066 (WJM)_

TO:

    WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE
    c.o WYETH
    5 Giralda Farms
    Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

    Joseph J. DePalma
    Lite DePalma Greenberg & Rivas, LLC
    Two Gateway Center, 12th Floor
    Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WILLIAM T. WALSH

CLERK

DIANNE C. RICHARDS _dcr_

BY DEPUTY CLERK

_2-29-08_

DATE

170841 v1

AO 440 (Rev. 10/93) Summons in a Civil Action

**RETURN OF SERVICE**

| SERVICE OF: | **SUMMONS AND COMPLAINT** | |
|---|---|---|
| EFFECTED (1) BY ME: | **PASCAL KUVALAKIS** | |
| TITLE: | **PROCESS SERVER** | DATE: 03/05/2008 04:26PM |

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

WYETH SAVINGS PLAN PUERTO RICO COMMITTEE C/O WYETH

Place where served:

GIRALDA FARMS   MADISON NJ 07940

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

LISA   RYAN

Relationship to defendant: <u>AUTHORIZED AGENT</u>

Description of person accepting service:

SEX: <u>F</u>   AGE: <u>36-50</u>   HEIGHT: <u>5'0"-5'3"</u>   WEIGHT: <u>100-130 LBS.</u>   SKIN: <u>WHITE</u>   HAIR: <u>BLACK</u>   OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

| TRAVEL $ _____ | SERVICES $ _____ | TOTAL $ _____ |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 3 / 5 / 20 08 _____ L.S.
SIGNATURE OF PASCAL KUVALAKIS
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

03/05/08

JACKELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 7, 2010

ATTORNEY: JOSEPH J. DEPALMA, ESQ.
PLAINTIFF: CARLOS M. HERRERA, ET AL
DEFENDANT: WYETH, ET AL
VENUE: DISTRICT
DOCKET: 08 1066 WJM

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

TZ

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

### SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

CIVIL ACTION NUMBER: 08-1066
( W JM )

Plaintiffs,

v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

Defendants.

TO:     WYETH RETIREMENT COMMITTEE
        c/o WYETH
        5 Giralda Farms
        Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

    Joseph J. DePalma
    Lite DePalma Greenberg & Rivas, LLC
    Two Gateway Center, 12th Floor
    Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

WILLIAM T. WALSH                                2-29-08

CLERK                                           DATE

DIANNE C. RICHARDS

BY DEPUTY CLERK

170841 v1

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| SERVICE OF: | **SUMMONS AND COMPLAINT** |
| EFFECTED (1) BY ME: | **PASCAL KUVALAKIS** |
| TITLE: | **PROCESS SERVER** |

DATE: **03/05/2008  04:27PM**

---

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

WYETH RETIREMENT COMMITTEE C/O WYETH
_____

Place where served:

5 GIRALDA FARMS   MADISON NJ 07940
_____

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

LISA   RYAN
_____

Relationship to defendant: <u>AUTHORIZED AGENT</u>
_____

Description of person accepting service:

SEX: <u>F</u>   AGE: <u>36-50</u>   HEIGHT: <u>5'0"-5'3"</u>   WEIGHT: <u>100-130 LBS.</u>   SKIN: <u>WHITE</u>   HAIR: <u>BLACK</u>   OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

---

## STATEMENT OF SERVER

TRAVEL $ _____.___          SERVICES $ _____.___          TOTAL $ _____.___

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 3 / 05 / 20 08          _____ L.S.
SIGNATURE OF PASCAL KUVALAKIS
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

03/05/08

JACKELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 7, 2010

| | |
|---|---|
| ATTORNEY: | JOSEPH J. DEPALMA, ESQ. |
| PLAINTIFF: | CARLOS M. HERRERA, ET AL |
| DEFENDANT: | WYETH, ET AL |
| VENUE: | DISTRICT |
| DOCKET: | 08 1066 WJM |

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

TZ

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

### SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

           Plaintiffs,

           v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

           Defendants.

CIVIL ACTION NUMBER: 08-1066 (WJM)

TO:

ROBERT ESSNER
c/o WYETH
5 Giralda Farms
Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

Joseph J. DePalma
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WILLIAM T. WALSH

DATE 2-29-08

CLERK

DIANNE C. RICHARDS

BY DEPUTY CLERK

170841 v1

AO 440 (Rev. 10/93) Summons in a Civil Action     **RETURN OF SERVICE**

| | |
|---|---|
| SERVICE OF: | **SUMMONS AND COMPLAINT** |
| EFFECTED (1) BY ME: | **PASCAL KUVALAKIS** |
| TITLE: | **PROCESS SERVER**        DATE: **03/05/2008  04:29PM** |

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

ROBERT ESSNER C/O WYETH

Place where served:

5 GIRALDA FARMS   MADISON NJ 07940

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

LISA   RYAN

Relationship to defendant: <u>AUTHORIZED AGENT</u>

Description of person accepting service:

SEX: <u>F</u>  AGE: <u>36-50</u>  HEIGHT: <u>5'0"-5'3"</u>  WEIGHT: <u>100-130 LBS.</u>  SKIN: <u>WHITE</u>  HAIR: <u>BLACK</u>  OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

---

**STATEMENT OF SERVER**

TRAVEL $ _____.____        SERVICES $ _____.____        TOTAL $ _____.____

---

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 3 / 05 / 20 08     _____ L.S.
SIGNATURE OF PASCAL KUVALAKIS
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

03/05/08.

JACKELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 7, 2010

| | |
|---|---|
| ATTORNEY: | JOSEPH J. DEPALMA, ESQ. |
| PLAINTIFF: | CARLOS M. HERRERA, ET AL |
| DEFENDANT: | WYETH, ET AL |
| VENUE: | DISTRICT |
| DOCKET: | 08 1066 WJM |

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

TZ

AO 440 (Rev 1/90) Summons in a Civil Action

# *United States District Court*

## DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

CIVIL ACTION NUMBER:     $08-1066$
$(WJM)$

Plaintiffs,

v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

Defendants.

TO:     BERNARD POUSSOT
c/o WYETH
5 Giralda Farms
Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

Joseph J. DePalma
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

WILLIAM T. WALSH                                      $2-29-08$
_____                    _____
CLERK                                                              DATE

DIANNE C. RICHARDS $dc$
_____
BY DEPUTY CLERK

170841 v1

AO 440 (Rev. 10/93) Summons in a Civil Action **RETURN OF SERVICE**

SERVICE OF: **SUMMONS AND COMPLAINT**
EFFECTED (1) BY ME: **PASCAL KUVALAKIS**
TITLE: **PROCESS SERVER** DATE: **03/05/2008 04:30PM**

---

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

BERNARD POUSSOT C/O WYETH

Place where served:

5 GIRALDA FARMS   MADISON NJ 07940

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

LISA   RYAN

Relationship to defendant: UNDERLINE AUTHORIZED AGENT

Description of person accepting service:

SEX: F___ AGE: 36-50__ HEIGHT: 5'0"-5'3"___ WEIGHT: 100-130 LBS._____ SKIN: WHITE___ HAIR: BLACK____ OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

---

**STATEMENT OF SERVER**

TRAVEL $ _____.___        SERVICES $ _____.___        TOTAL $ _____.___

---

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 3 / 05 / 20 08         _____ L.S.
SIGNATURE OF PASCAL KUVALAKIS
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

03/05/08

JACKELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 7, 2010

ATTORNEY:   JOSEPH J. DEPALMA, ESQ.
PLAINTIFF:   CARLOS M. HERRERA, ET AL
DEFENDANT:   WYETH, ET AL
VENUE:   DISTRICT
DOCKET:   08 1066 WJM

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

### SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

                     Plaintiffs,

           v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

                Defendants.

CIVIL ACTION NUMBER:

*08-1066*
*(WJM)*

TO:

        PAUL J. JONES
        c/o WYETH
        5 Giralda Farms
        Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

        Joseph J. DePalma
        Lite DePalma Greenberg & Rivas, LLC
        Two Gateway Center, 12th Floor
        Newark, NJ  07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

WILLIAM T. WALSH

CLERK

DIANNE C. RICHARDS

BY DEPUTY CLERK

DATE     *2-29-08*

170841 v1

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| SERVICE OF: | **SUMMONS AND COMPLAINT** | |
|---|---|---|
| EFFECTED (1) BY ME: | **PASCAL KUVALAKIS** | |
| TITLE: | **PROCESS SERVER** | DATE: **03/05/2008  04:38PM** |

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

PAUL J. JONES C/O WYETH

Place where served:

5 GIRALDA FARMS   MADISON NJ 07940

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

LISA  RYAN

Relationship to defendant: <u>AUTHORIZED AGENT</u>

Description of person accepting service:

SEX: <u>F</u>   AGE: <u>36-50</u>   HEIGHT: <u>5'0"-5'3"</u>   WEIGHT: <u>100-130 LBS.</u>   SKIN: <u>WHITE</u>   HAIR: <u>BLACK</u>   OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

## STATEMENT OF SERVER

TRAVEL $ _____.____          SERVICES $ _____.____          TOTAL $ _____.____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 3 /05/ 2008 _____ L.S.
SIGNATURE OF PASCAL KUVALAKIS
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

03/05/08

CAROLINE GONZALEZ
PUBLIC OF NEW JERSEY
My Commission Expires Dec. 7, 2010

| ATTORNEY: | JOSEPH J. DEPALMA, ESQ. |
|---|---|
| PLAINTIFF: | CARLOS M. HERRERA, ET AL |
| DEFENDANT: | WYETH, ET AL |
| VENUE: | DISTRICT |
| DOCKET: | 08 1066 WJM |

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

T Z

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

### DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

        Plaintiffs,

      v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

       Defendants.

CIVIL ACTION NUMBER:

       *08 1066*
        *(WJM)*

TO:  KENNETH J. MARTIN
   c/o WYETH
   5 Giralda Farms
   Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

   Joseph J. DePalma
   Lite DePalma Greenberg & Rivas, LLC
   Two Gateway Center, 12th Floor
   Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

WILLIAM T. WALSH       *2-39-08*

CLERK             DATE

DIANNE C. RICHARDS

BY DEPUTY CLERK

170841 v1

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| SERVICE OF: | **SUMMONS AND COMPLAINT** |
| EFFECTED (1) BY ME: | **PASCAL KUVALAKIS** |
| TITLE: | **PROCESS SERVER** |

DATE: **03/05/2008  04:31PM**

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

KENNETH J. MARTIN C/O WYETH

Place where served:

5 GIRALDA FARMS   MADISON NJ 07940

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

LISA   RYAN

Relationship to defendant: AUTHORIZED AGENT

Description of person accepting service:

SEX: F__  AGE: 36-50__  HEIGHT: 5'0"-5'3"__  WEIGHT: 100-130 LBS.____  SKIN: WHITE___  HAIR: BLACK____  OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

## STATEMENT OF SERVER

TRAVEL $ _____.___          SERVICES $ _____.___          TOTAL $ _____.___

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 3 / 05 / 20 08 _____L.S.

SIGNATURE OF PASCAL KUVALAKIS
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

03/05/08

JACKELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 7, 2010

| | |
|---|---|
| ATTORNEY: | JOSEPH J. DEPALMA, ESQ. |
| PLAINTIFF: | CARLOS M. HERRERA, ET AL |
| DEFENDANT: | WYETH, ET AL |
| VENUE: | DISTRICT |
| DOCKET: | 08 1066 WJM |

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

R R

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

        Plaintiffs,

        v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

        Defendants.

CIVIL ACTION NUMBER:

*08-1066
(w JM)*

TO:

    RENE R. LEWIN
    c/o WYETH
    5 Giralda Farms
    Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

    Joseph J. DePalma
    Lite DePalma Greenberg & Rivas, LLC
    Two Gateway Center, 12th Floor
    Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

## WILLIAM T. WALSH

*5-29-08*

CLERK

## DIANNE C. RICHARDS

DATE

BY DEPUTY CLERK

170841 v1

AO 440 (Rev. 10/93) Summons in a Civil Action       **RETURN OF SERVICE**

SERVICE OF:       **SUMMONS AND COMPLAINT**
EFFECTED (1) BY ME:   **PASCAL KUVALAKIS**
TITLE:             **PROCESS SERVER**                    DATE: **03/05/2008  04:33PM**

---

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

RENE R. LEWIN C/O WYETH

Place where served:

5 GIRALDA FARMS   MADISON NJ 07940

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

LISA  RYAN

Relationship to defendant: AUTHORIZED AGENT

Description of person accepting service:

SEX: F__ AGE: 36-50__ HEIGHT: 5'0"-5'3"__ WEIGHT: 100-130 LBS._____ SKIN: WHITE____ HAIR: BLACK____ OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

---

**STATEMENT OF SERVER**

TRAVEL $ _____.___          SERVICES $ _____.___          TOTAL $ _____.___

---

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 3 / 05 / 20 08 _____L.S.
                  SIGNATURE OF PASCAL KUVALAKIS
                  GUARANTEED SUBPOENA SERVICE, INC.
                  2009 MORRIS AVENUE
                  UNION, NJ 07083

03/05/08

JACKELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 7, 2010

ATTORNEY:   JOSEPH J. DePALMA, ESQ.
PLAINTIFF:   CARLOS M. HERRERA, ET AL
DEFENDANT:   WYETH, ET AL
VENUE:       DISTRICT
DOCKET:      08 1066 WJM

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

R R

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

                   Plaintiffs,

             v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

                  Defendants.

CIVIL ACTION NUMBER: 08-1066
(WJM)

TO:       LAWRENCE STEIN
           c/o WYETH
           5 Giralda Farms
           Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

        Joseph J. DePalma
        Lite DePalma Greenberg & Rivas, LLC
        Two Gateway Center, 12th Floor
        Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

WILLIAM T. WALSH

                                                  5-29-08

CLERK                                            DATE

DIANNE C. RICHARDS

BY DEPUTY CLERK

170841 v1

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | | |
|---|---|---|
| SERVICE OF: | **SUMMONS AND COMPLAINT** | |
| EFFECTED (1) BY ME: | **PASCAL KUVALAKIS** | |
| TITLE: | **PROCESS SERVER** | DATE: **03/05/2008  04:34PM** |

---

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[  ] Served personally upon the defendant:

LAWRENCE STEIN C/O WYETH

Place where served:

5 GIRALDA FARMS   MADISON NJ 07940

[  ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

LISA   RYAN

Relationship to defendant: AUTHORIZED AGENT

Description of person accepting service:

SEX: F__  AGE: 36-50__  HEIGHT: 5'0"-5'3"__  WEIGHT: 100-130 LBS.____  SKIN: WHITE____  HAIR: BLACK____  OTHER: ____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

---

## STATEMENT OF SERVER

TRAVEL $ _____.___          SERVICES $ _____.___          TOTAL $ _____.___

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE 3 / 05 / 2008

_____ L.S.
SIGNATURE OF PASCAL KUVALAKIS
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

03/05/08

JACKELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 7, 2010

ATTORNEY:    JOSEPH J. DEPALMA, ESQ.
PLAINTIFF:    CARLOS M. HERRERA, ET AL
DEFENDANT:    WYETH, ET AL
VENUE:    DISTRICT
DOCKET:    08 1066 WJM

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

RR

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

### SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

                Plaintiffs,

          v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

                Defendants.

CIVIL ACTION NUMBER:     08-1066
                             (WJM)

TO:      MARY KATHERINE WOLD
            c/o WYETH
            5 Giralda Farms
            Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

        Joseph J. DePalma
        Lite DePalma Greenberg & Rivas, LLC
        Two Gateway Center, 12th Floor
        Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WILLIAM T. WALSH                   5-29-08

CLERK                                DATE

DIANNE C. RICHARDS

BY DEPUTY CLERK

170841 v1

AO 440 (Rev. 10/93) Summons in a Civil Action | **RETURN OF SERVICE**

| | |
|---|---|
| SERVICE OF: | **SUMMONS AND COMPLAINT** |
| EFFECTED (1) BY ME: | **PASCAL KUVALAKIS** |
| TITLE: | **PROCESS SERVER** DATE: **03/05/2008  04:36PM** |

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[  ] Served personally upon the defendant:

MARY KATHERINE WOLD C/O WYETH

Place where served:

5 GIRALDA FARMS   MADISON NJ 07940

[  ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

LISA   RYAN

Relationship to defendant: <u>AUTHORIZED AGENT</u>

Description of person accepting service:

SEX: <u>F</u>   AGE: <u>36-50</u>   HEIGHT: <u>5'0"-5'3"</u>   WEIGHT: <u>100-130 LBS.</u>   SKIN: <u>WHITE</u>   HAIR: <u>BLACK</u>   OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL $ _____.___          SERVICES $ _____.___          TOTAL $ _____.___

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 3 / 5 / 20 08                                        _____ L.S.

SIGNATURE OF PASCAL KUVALAKIS
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

03/05/08

JACKELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 7, 2010

| | |
|---|---|
| ATTORNEY: | JOSEPH J. DEPALMA, ESQ. |
| PLAINTIFF: | CARLOS M. HERRERA, ET AL |
| DEFENDANT: | WYETH, ET AL |
| VENUE: | DISTRICT |
| DOCKET: | 08 1066 WJM |

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

TZ

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

## SUMMONS IN A CIVIL ACTION

CARLOS M. HERRERA, on behalf of himself and all others
similarly situated

          Plaintiffs,

v.

WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH
SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD
POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENE R.
LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD,
KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS
1-30,

          Defendants.

CIVIL ACTION NUMBER:  *08 -1066 (WJM)*

TO:      KAREN L. LING
          c/o WYETH
          5 Giralda Farms
          Madison, NJ 07940

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiffs ATTORNEY (name and address)

          Joseph J. DePalma
          Lite DePalma Greenberg & Rivas, LLC
          Two Gateway Center, 12th Floor
          Newark, NJ 07102

an answer to the complaint which is herewith served upon you, with ___20___ days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

WILLIAM T. WALSH

CLERK

DIANNE C. RICHARDS

BY DEPUTY CLERK

DATE  *5-29-08*

170841 v1

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| SERVICE OF: | **SUMMONS AND COMPLAINT** |
| EFFECTED (1) BY ME: | **PASCAL KUVALAKIS** |
| TITLE: | **PROCESS SERVER** | DATE: 03/05/2008  04:37PM |

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

KAREN L. LING C/O WYETH

Place where served:

5 GIRALDA FARMS   MADISON NJ 07940

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

LISA  RYAN

Relationship to defendant: AUTHORIZED AGENT

Description of person accepting service:

SEX: F__  AGE: 36-50__  HEIGHT: 5'0"-5'3"__  WEIGHT: 100-130 LBS.__  SKIN: WHITE__  HAIR: BLACK__  OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

## STATEMENT OF SERVER

TRAVEL $ _____.____          SERVICES $ _____.____          TOTAL $ _____.____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 3 / 05 / 20 08 _____ L.S.
SIGNATURE OF PASCAL KUVALAKIS
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

03/05/08

JACKELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 7, 2010

| | |
|---|---|
| ATTORNEY: | JOSEPH J. DEPALMA, ESQ. |
| PLAINTIFF: | CARLOS M. HERRERA, ET AL |
| DEFENDANT: | WYETH, ET AL |
| VENUE: | DISTRICT |
| DOCKET: | 08 1066 WJM |

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

R R

**LITE DEPALMA GREENBERG & RIVAS, LLC**
Joseph J. DePalma
Katrina Carroll
Jennifer Sarnelli
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Phone: (973) 623-3000
jdepalma@ldgrlaw.com
kcarroll@ldgrlaw.com
jsarnelli@ldgrlaw.com

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CARLOS M. HERRERA, On Behalf of Himself And All Others Similarly Situated, | : : : | |
| Plaintiff, | : : | Civil Action No. 08-1066 (WJM)(MF) |
| vs. | : : | **NOTICE OF APPEARANCE** |
| WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN – PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENÉ R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS 1-30, | : : : : : : : : : : | |
| Defendants. | : : | |

      **PLEASE TAKE NOTICE** that Jennifer Sarnelli, Esq. of Lite DePalma Greenberg &

Rivas, LLC, hereby enters her appearance as counsel for Plaintiff, in the above-captioned action,

and requests that all papers be served upon the undersigned.

      **LITE DEPALMA GREENBERG & RIVAS, LLC**

      By: */s/ Jennifer Sarnelli*
      Two Gateway Center, 12th Floor
      Newark, New Jersey 07102
      (973) 623-3000
      jsarnelli@ldgrlaw.com

173842 v1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------------X

CARLOS M. HERRERA, On Behalf of Himself and :
All Others Similarly Situated,              :   Civil Action No. 2:08 CV 01066 (WJM)

:

              Plaintiff,      :

:

        vs.         :

:

WYETH, WYETH SAVINGS PLAN     :
COMMITTEE, WYETH SAVINGS PLAN  :
PUERTO RICO COMMITTEE, WYETH   :
RETIREMENT COMMITTEE, ROBERT ESSNER, :
BERNARD POUSSOT, PAUL J. JONES,
KENNETH J. MARTIN, RENE R. LEWIN,
LAWRENCE STEIN, MARY KATHERINE
WOLD, KAREN L. LING and UNKNOWN
FIDUCIARY DEFENDANTS 1-30,

              Defendants.

-------------------------------------------------------------------x

## STIPULATION AND ORDER

WHEREAS, Plaintiff commenced this Action by filing a complaint dated February 27,

2008 (the "Complaint");

WHEREAS, the Complaint asserts claims under Sections 409 and 502 of the Employee

Retirement Income Security Act ("ERISA");

**IT IS HEREBY STIPULATED** and **AGREED** as follows:

1.     Without waiving any rights, defenses or other objections, counsel for Defendants

accepts service of the Complaint on behalf of each of the Defendants.

2.     Defendants have 45 days from March 25, 2008 to move, answer or otherwise

respond to the Complaint.

CONNELL FOLEY LLP

Dated: March 25, 2008          By: _Daren McNally_____

                               Daren S. McNally
                               85 Livingston Avenue
                               Roseland, New Jersey 07068
                               Telephone: (973) 535-0500
                               Facsimile: (973) 535-9217

                               CO-COUNSEL
                               Michael J. Chepiga
                               Lynn K. Neuner
                               SIMPSON THACHER & BARTLETT LLP
                               425 Lexington Avenue
                               New York, New York 10017
                               Telephone: (212) 455-2000
                               Facsimile: (212) 455-2502

                               *Attorneys for Defendants*

LITE DEPALMA GREENBERG & RIVAS, LLC

Dated: March 25, 2008

By: _Joseph J. DePalma_

Joseph J. DePalma
Katrina Carroll
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858

CO-COUNSEL
Thomas J. McKenna
GAINEY & MCKENNA
295 Madison Avenue
New York, New York 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383

and

Stephen J. Fearon Jr.
SQUITIERI & FEARON LLP
32 East 57th Street, 12th Floor
New York, New York 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553

*Attorneys for Plaintiffs*

**IT IS SO ORDERED**:

Dated:_____

_____
William J. Martini
United States District Judge

- 3 -

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MARK FALK**<br>**UNITED STATES MAGISTRATE JUDGE** | **USPO & COURTHOUSE**<br>**1 FEDERAL SQ., ROOM 457**<br>**NEWARK, NJ 07101**<br>**(973) 645-3110** |

April 11, 2008

## LETTER ORDER
## ORIGINAL FILED WITH THE CLERK OF THE COURT

Joseph J. DePalma, Esq.
Lite, DePalma, Greenberg & Rivas, LLC
Two Gateway Center
12th Floor
Newark, NJ 07102

> **Re:**  **Carlos M. Herrera, et al v. Wyeth, et al.**
> **Civil Action No. 08-1066 (WJM)**

Dear Counsel:

Please be advised that I am recusing myself from this case.  Magistrate Judge Claire C. Cecchi will assume all Magistrate Judge responsibilities for this case.

**SO ORDERED.**

**MARK FALK**
**United States Magistrate Judge**

MF/bp
Orig.:  Clerk of the Court
cc:  Hon. William J. Martini, U.S.D.J.
 Hon. Claire C. Cecchi, U.S.M.J.
 Parties
 File

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
-------------------------------------------------------X
CARLOS M. HERRERA, On Behalf of Himself and :
All Others Similarly Situated,                        :   Civil Action No. 2:08 CV 01066 (WJM)
                                                      :
                           Plaintiff,                 :
                                                      :
              vs.                                     :
                                                      :
WYETH, WYETH SAVINGS PLAN                             :
COMMITTEE, WYETH SAVINGS PLAN                         :
PUERTO RICO COMMITTEE, WYETH                          :
RETIREMENT COMMITTEE, ROBERT ESSNER,:
BERNARD POUSSOT, PAUL J. JONES,
KENNETH J. MARTIN, RENE R. LEWIN,
LAWRENCE STEIN, MARY KATHERINE
WOLD, KAREN L. LING and UNKNOWN
FIDUCIARY DEFENDANTS 1-30,

                           Defendants.
-------------------------------------------------------X
```

## STIPULATION AND ORDER

WHEREAS, Plaintiff commenced this Action by filing a complaint dated February 27,

2008 (the "Complaint");

WHEREAS, the Complaint asserts claims under Sections 409 and 502 of the Employee

Retirement Income Security Act ("ERISA");

IT IS HEREBY STIPULATED and AGREED as follows:

1.      Without waiving any rights, defenses or other objections, counsel for Defendants

accepts service of the Complaint on behalf of each of the Defendants.

2.      Defendants have 45 days from March 25, 2008 to move, answer or otherwise

respond to the Complaint.

CONNELL FOLEY LLP

Dated: March 25, 2008                    By: _Daren McNally_

                                         Daren S. McNally
                                         85 Livingston Avenue
                                         Roseland, New Jersey 07068
                                         Telephone: (973) 535-0500
                                         Facsimile: (973) 535-9217

                                         CO-COUNSEL
                                         Michael J. Chepiga
                                         Lynn K. Neuner
                                         SIMPSON THACHER & BARTLETT LLP
                                         425 Lexington Avenue
                                         New York, New York 10017
                                         Telephone: (212) 455-2000
                                         Facsimile: (212) 455-2502

                                         *Attorneys for Defendants*

LITE DEPALMA GREENBERG & RIVAS, LLC

Dated: March 25, 2008

By: _Joseph DePalma_____

Joseph J. DePalma
Katrina Carroll
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858

CO-COUNSEL
Thomas J. McKenna
GAINEY & MCKENNA
295 Madison Avenue
New York, New York 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383

and

Stephen J. Fearon Jr.
SQUITIERI & FEARON LLP
32 East 57th Street, 12th Floor
New York, New York 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553

*Attorneys for Plaintiffs*

IT IS SO ORDERED:

Dated: _4/14/08_

William J. Martini
United States District Judge

- 3 -

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CARLOS M. HERRERA, On Behalf of Himself And All Others Similarly Situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 08-cv-01066<br>Honorable William J. Martini, U.S.D.J.<br>Honorable Clair C. Cecchi, U.S.M.J. |
| WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENÉ R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS 1-30, | ) ) ) ) ) ) ) ) ) ) ) | **NOTICE OF JOINT MOTION TO TRANSFER**<br><br>*Electronically Filed* |
| Defendants. | ) ) ) | |

To: All Counsel of Record

**PLEASE TAKE NOTICE** that on June 2, 2008, or as soon thereafter at the Court's convenience, the undersigned counsel for Defendants, Wyeth, Wyeth Savings Plan Committee, Wyeth Savings Plan-Puerto Rico Committee, Wyeth Retirement Committee, Robert Essner, Bernard Poussot, Paul J. Jones, Kenneth J. Martin, Rene R. Lewin, Lawrence Stein, Mary Katherine Wold, Karen L. Ling (collectively "Defendants") and the undersigned counsel for Plaintiff Carlos M. Herrera, (collectively "the Parties"), shall move before the Honorable William J. Martini, U.S.D.J., at the United States District Court for the District of New Jersey, for an Order transferring this case to the United States District Judge Richard J. Sullivan of the United States District Court for the Southern District of New York.

1945866-01

**PLEASE TAKE FURTHER NOTICE** that the Parties shall rely upon the submitted letter brief, Affidavit of Michael J. Chepiga, and any additional submissions made hereafter. A proposed Order is also submitted.

**PLEASE TAKE FURTHER NOTICE** that oral argument is requested only in the event the Court in not inclined to grant the joint motion on the papers.

Dated: May 9, 2008

Respectfully submitted on behalf of Defendants:

Daren S. McNally
CONNEL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 535-0500
Facsimile: (973) 535-9217

CO-COUNSEL
Michael J. Chepiga, Esq. (ML)
Lynn K. Neuner
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Defendants*

Joseph J. DePalma
Katrina Carroll
LITE DEPALMA GREENBERG & RIVAS, LLC
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858

CO-COUNSEL
Thomas J. McKenna
GAINEY & MCKENNA
295 Madison Avenue
New York, New York 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383

and

Stephen J. Fearon Jr., Esq. (WB)
SQUITIERI & FEARON LLP ,
32 East 57th Street, 12th Floor
New York, New York 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553

*Attorneys for Plaintiff*

1945866-01

2

# CONNELL FOLEY LLP
## ATTORNEYS AT LAW

JOHN A. PINDAR (1969)
GEORGE W. CONNELL (2005)
ADRIAN M. FOLEY, JR.
GEORGE J. KENNY*
KENNETH F. KUNZMAN
SAMUEL D. LORD
RICHARD D. CATENACCI
RICHARD J. BADOLATO*
PETER D. MANAHAN
JOHN B. MURRAY
MARK L. FLEDER
KEVIN J. COAKLEY
WILLIAM H. GRAHAM†
THOMAS S. COSMA
KATHLEEN S. MURPHY
PATRICK J. MCAULEY
PETER J. PIZZI*†
KEVIN R. GARDNER
ROBERT E. RYAN
MICHAEL X. MCBRIDE*
JEFFREY W. MORYAN
JOHN K. BENNETT
PETER J. SMITH*
BRIAN G. STELLER
PHILIP F. MCGOVERN, JR.
KAREN PAINTER RANDALL
LIZA M. WALSH
JOHN P. LACEY
TIMOTHY E. CORRISTON*
ERNEST W. SCHOELLKOPFF†
PATRICK J. HUGHES†*
JAMES C. MCCANN*
JOHN D. CROMIE
ANGELA A. IUSO*
GLENN T. DYER

CLARENCE SMITH, JR.*
WILLIAM T. MCGLOIN*
BRENDAN JUDGE
CHARLES J. HARRINGTON III†
DAREN S. MCNALLY*
STEPHEN V. FALANGA*
JEFFREY L. O'HARA
TRICIA O'REILLY*
ANTHONY F. VITIELLO*
MARC D. HAEFNER
JONATHAN P. MCHENRY
JAMES P. RHATICAN*
MATTHEW W. BAUER*
JOSEPH C. DEBLASIO
BRAD D. SHALIT*
W. NEVINS MCCANN*
THOMAS J. O'LEARY*
MITCHELL W. TARASCHI

COUNSEL
JOHN W. BISSELL
JOHN B. LA VECCHIA
VIRGINIA M. EDWARDS*
FRANCIS E. SCHILLER*
EUGENE P. SQUEO*
BERNARD M. HARTNETT, JR.*
NOEL D. HUMPHREYS*
ANTHONY ROMANO II*
STEVE BARNETT*
KARIN I. SPALDING*
JODI ANNE HUDSON*
CORNELIUS J. O'REILLY*
RICHARD A. JAGEN
NANCY A. SKIDMORE*
THOMAS M. SCUDERI*

ELIZABETH M. TRANTINA*
M. TREVOR LYONS*
CRAIG S. DEMARESKI*
ELIZABETH W. EATON
JOSEPH M. MURPHY
JASON E. MARX*
MICHAEL A. SHADIACK
OWEN C. MCCARTHY
PATRICIA A. LEE*†
DOUGLAS J. SHORT*
JAMES M. MERENDINO
MICHELE T. TANTALLA*
AGNES ANTONIAN*
BRYAN F. COUCH*
GREGORY E. PETERSON
HECTOR D. RUIZ*
NEIL V. MODY*
ROBERT A. VERDIBELLO*
MICHAEL J. ACKERMAN*
MELISSA A. ZAWADZKI*
MEGHAN C. GOODWIN*
MATTHEW S. SCHULTZ*
JENNIFER C. CRITCHLEY*
PATRICK S. BRANNIGAN*
MATTHEW I. GENNARO
DANIELA R. D'AMICO*
DANIA BILLINGS MURPHY*
CHRISTINE I. GANNON*

JOSE VILARINO
PHILIP W. ALLOGRAMENTO, III*
CATHERINE G. BRYAN*
JAMES C. HAYNIE*
LAURIE B. KACHONICK*
MICHAEL D. RIDENOUR
MEGAN M. ROBERTS*
ANDREW C. SAYLES*
SARAH B. BLUMBERG†
STEPHEN D. KESSLER*
ADAM M. LUSTBERG*
CHRISTOPHER ABATEMARCO*
AARON M. BENDER
WILLIAM D. DEVEAU*
DANIEL B. KESSLER*
ILONA I. KORZHA*
CONOR F. MURPHY
MEGHAN B. BARRETT*
MELISSA T. ASTUDILLO*
NICOLE B. DORY*
PATRICK E. DURING
CHRISTIAN J. JENSEN
JOSEPH A. VILLANI, JR.
LEE B. WILSON
JENNIFER E. CONSTANTINOU
CHRISTOPHER M. HEMRICK
SUSAN KWIATKOWSKI
MONICA SETH

85 LIVINGSTON AVENUE
ROSELAND, N.J. 07068-3702
(973) 535-0500
FAX: (973) 535-9217

JERSEY CITY OFFICE
HARBORSIDE FINANCIAL CENTER
2510 PLAZA FIVE
JERSEY CITY, N.J. 07311-4029
(201) 521-1000
FAX: (201) 521-0100

NEW YORK OFFICE
888 SEVENTH AVENUE
NEW YORK, N.Y. 10106
(212) 262-2390
FAX: (212) 262-0050

PHILADELPHIA OFFICE
1500 MARKET STREET
PHILADELPHIA, PA 19102
(215) 246-3403
FAX: (215) 665-5727

PLEASE REPLY TO ROSELAND, NJ

*ALSO ADMITTED IN NEW YORK
†ALSO ADMITTED IN PENNSYLVANIA

WRITER'S DIRECT DIAL

May 9, 2008

<u>*Via Electronic Filing & Lawyers Service*</u>
Honorable William J. Martini, J. US. District Court
Martin Luther King Jr., Federal Building
 & Courthouse, Room 4076
50 Walnut Street
Newark, New Jersey 07102

    Re:    **Herrera v. Wyeth**
               **Civil Action No. 2:08 CV 01066 (WJM)**

Dear Judge Martini:

      Please accept this letter brief in support of Defendants', Wyeth, Wyeth Savings Plan Committee, Wyeth Savings Plan-Puerto Rico Committee, Wyeth Retirement Committee, Robert Essner, Bernard Poussot, Paul J. Jones, Kenneth J. Martin, Rene R. Lewin, Lawrence Stein, Mary Katherine Wold, Karen L. Ling (collectively "Defendants") and Plaintiff's Carlos M. Herrera, (collectively "the Parties"), Joint Motion to Transfer this matter to the United States

1945864-01

May 9, 2008
Page 2

District Judge Richard J. Sullivan of the United States District Court for the Southern District of New York.

The Parties have met and conferred regarding the best venue for the resolution of this case. As a result of such conferences, the Parties have agreed to a transfer of this case, pursuant to 28 U.S.C. Section 1404 to the United States District Court for the Southern District of New York to be heard by Judge Richard J. Sullivan. There is currently pending in the Southern District of New York two related actions: an action by City of Livonia Employees' Retirement System, styled as a federal securities class action lawsuit and captioned *City of Livonia Employees' Retirement System v. Wyeth, et al.*, 07 Civ. 10329 (S.D.N.Y.) ("City of Livonia"), and an action by Doris Staehr, styled as a federal securities derivative lawsuit and captioned *Staehr v. Essner, et al.*, 07 Civ. 10465 (S.D.N.Y.) ("Staehr"). *See* affidavit of Michael J. Chepiga, sworn to on May 9, 2008 ("Chepiga Aff."), Exs. A and B. *City of Liovnia* was filed in the United States District Court for the Southern District of New York on November 14, 2007 and assigned to Judge Richard J. Sullivan. *Staehr* was filed in the United States District Court for the Southern District of New York on November 20, 2007, and transferred to Judge Richard J. Sullivan as a related case on December 28, 2007.

*Herrera* arises out of the same alleged facts as the two related actions and four of the named defendants in *Herrera* are also named defendants in *City of Livonia* and *Staeher*. The parties believe in particular that having Judge Sullivan preside over all three of the cases will lead to a just and speedy resolution of their disputes. Counsel for the parties have conferred with Jude Sullivan, who has agreed to hear this matter. *See* Chepiga Aff. Ex. C. The parties have consented to have Judge Sullivan hear this matter for all purposes, including trial.

May 9, 2008
Page 3

      For the above reasons, the Parties respectfully request that the Court grant the Parties'

Joint Motion to Transfer.  Should Your Honor need anything further, we are always available.


                    Respectfully submitted,

                    Daren S. McNally

DSM/dav
Enclosure
cc:    Lynn K. Neuner, Esq. (w/encl.) (via e-mail)
       Joseph J. DePalma, Esq. (w/encl.) (via e-mail)

1945864-01

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CARLOS M. HERRERA, On Behalf of Himself
And All Others Similarly Situated,

                Plaintiff,

    vs.

WYETH, WYETH SAVINGS PLAN
COMMITTEE, WYETH SAVINGS PLAN-
PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT
ESSNER, BERNARD POUSSOT, PAUL J.
JONES, KENNETH J. MARTIN, RENÉ R.
LEWIN, LAWRENCE STEIN, MARY
KATHERINE WOLD, KAREN L. LING and
UNKNOWN FIDUCIARY DEFENDANTS 1-30,

                Defendants.

Civil Action No. 08-cv-01066
Honorable William J. Martini, U.S.D.J.
Honorable Clair C. Cecchi, U.S.M.J.

**ORDER**

*Electronically Filed*

**THIS MATTER** having come before the Court on the Parties' Joint Motion to Transfer and the Parties having consented to this application; and for good cause having been shown,

**IT IS** on this _____ day of May, 2008

**ORDERED** that the Parties' Joint Motion to Transfer is GRANTED; and

**ORDERED** that the Clerk shall transmit a copy of this Order to counsel for the parties.

 

_____
Honorable William J. Martini, U.S.D.J.

1945866-01

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
-----------------------------------------------------------------X
CARLOS M. HERRERA, On Behalf of Himself and  :
All Others Similarly Situated,                :  Civil Action No. 08 CV 01066
                                              :  Honorable William J. Martini, U.S.D.J.
                    Plaintiff,                :  Honorable Clair C. Cecchi, U.S.M.J.
                                              :
         vs.                                  :
                                              :
WYETH, WYETH SAVINGS PLAN                      :
COMMITTEE, WYETH SAVINGS PLAN                  :  Electronically Filed
PUERTO RICO COMMITTEE, WYETH                   :
RETIREMENT COMMITTEE, ROBERT ESSNER, :
BERNARD POUSSOT, PAUL J. JONES,                :
KENNETH J. MARTIN, RENE R. LEWIN,              :
LAWRENCE STEIN, MARY KATHERINE                 :
WOLD, KAREN L. LING and UNKNOWN                :
FIDUCIARY DEFENDANTS 1-30,                     :
                                              :
                    Defendants.                :
-----------------------------------------------------------------x
```

## STIPULATION AND ORDER

**WHEREAS**, Plaintiff commenced the above-captioned action (the "Herrera Action") by the filing of a Complaint on or about February 27, 2008 (the "Complaint"); and

**WHEREAS**, on May 9, 2008, Plaintiff and Defendants (collectively the "Parties") filed a joint motion to transfer the Herrera Action to the United States District Court for the Southern District of New York ("Motion to Transfer"); and

**WHEREAS**, upon receipt of the Court's decision on the Motion to Transfer, the Parties intend to file a stipulation setting forth a deadline for Plaintiff to file an amended complaint;

**IT IS HEREBY STIPULATED** and **AGREED** as follows:

1.      Defendants are not required to move, answer, or otherwise respond to the Complaint.

2.      This stipulation may be exercised in counterparts and by facsimile signatures.

Dated:  May 9, 2008

                                        CONNELL FOLEY LLP

                                        By:  _Daren McNally_____

                                             Daren S. McNally
                                             85 Livingston Avenue
                                             Roseland, New Jersey 07068
                                             Telephone: (973) 535-0500
                                             Facsimile:  (973) 535-9217

                                             CO-COUNSEL
                                             Michael J. Chepiga
                                             Lynn K. Neuner
                                             SIMPSON THACHER & BARTLETT LLP
                                             425 Lexington Avenue
                                             New York, New York  10017
                                             Telephone: (212) 455-2000
                                             Facsimile:  (212) 455-2502

                                             *Attorneys for Defendants*

Dated: May 9, 2008

LITE DEPALMA GREENBERG & RIVAS, LLC

By: _____

Joseph J. DePalma
Katrina Carroll
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858

CO-COUNSEL
Thomas J. McKenna
GAINEY & MCKENNA
295 Madison Avenue
New York, New York 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383

and

Stephen J. Fearon Jr.
SQUITIERI & FEARON LLP
32 East 57th Street, 12th Floor
New York, New York 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553

*Attorneys for Plaintiff*

**IT IS SO ORDERED:**

Dated:_____      _____
                           William J. Martini
                           United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

----------------------------------------------------------------X

CARLOS M. HERRERA, On Behalf of Himself and :
All Others Similarly Situated,                               : Civil Action No. 08 CV 01066
                                                             : Honorable William J. Martini, U.S.D.J.
                                    Plaintiff,               : Honorable Clair C. Cecchi, U.S.M.J.
                                                             :
               vs.                                           :
                                                             :
WYETH, WYETH SAVINGS PLAN                                    :
COMMITTEE, WYETH SAVINGS PLAN                                :    **CERTIFICATION OF SERVICE**
PUERTO RICO COMMITTEE, WYETH                                 :
RETIREMENT COMMITTEE, ROBERT ESSNER, :                            *ELECTRONICALLY FILED*
BERNARD POUSSOT, PAUL J. JONES,                              :
KENNETH J. MARTIN, RENE R. LEWIN,                           :
LAWRENCE STEIN, MARY KATHERINE                              :
WOLD, KAREN L. LING and UNKNOWN                             :
FIDUCIARY DEFENDANTS 1-30,                                   :
                                                             :
                                    Defendants.              :
----------------------------------------------------------------x

I certify that I caused copies of Plaintiff and Defendants (collectively the "Parties") joint motion to transfer the Herrera Action to the United States District Court for the Southern District of New York ("Motion to Transfer"), Letter Brief, Affidavit of Michael J. Chepiga and proposed Order to be electronically served on May 9, 2008, in accordance with the electronic filing procedures, and a copy of this Certification to be electronically served on this day in accordance with the electronic filing procedures.

I also certify that I caused an original and one copy of the Parties joint motion to transfer the Herrera Action to the United States District Court for the Southern District of New York ("Motion to Transfer"), Letter Brief, Affidavit of Michael J. Chepiga and proposed Order to be delivered via Lawyers Service on May 9, 2008, to the Honorable William J. Martini, U.S.D.J., United States District Court, District of New Jersey, Martin Luther King Jr. Federal Building and

1946270-01

United States Courthouse, 50 Walnut Street, Newark, New Jersey 07102, and further certify that I caused to be served on this day vial Lawyers Service an original and one copy of this Certification to the Honorable William J. Martini, U.S.D.J., United States District Court, District of New Jersey, Martin Luther King Jr. Federal Building and United States Courthouse, 50 Walnut Street, Newark, New Jersey 07102.

I also certify that I caused to be served on May 9, 2008, via email a copy of the Parties joint motion to transfer the Herrera Action to the United States District Court for the Southern District of New York ("Motion to Transfer"), Letter Brief, Affidavit of Michael J. Chepiga and proposed Order, and further certify that on this day I caused a copy of this Certification to be served via email on the following counsel of record:

Joseph J. DePalma
LITE DEPALMA GREENBERG & RIVAS, LLC
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile:  (973) 623-0858

Stephen J. Fearon Jr.
SQUITIERI & FEARON LLP
32 East 57th Street, 12th Floor
New York, New York 10022
Telephone: (212) 421-6492
Facsimile:  (212) 421-6553

Thomas J. McKenna
GAINEY & MCKENNA
295 Madison Avenue
New York, New York 10017
Telephone: (212) 983-1300
Facsimile:  (212) 983-0383

Daren S. McNally
CONELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 535-0500

Facsimile: (973) 535-9217

Lynn K. Neuner
Anne Marie Rosas
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

     I hereby certify that the foregoing statements made by me are true. I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

CONNELL FOLEY LLP

By:     *s/Mitchell Taraschi*

Mitchell Taraschi

Dated: May 12, 2008

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
-------------------------------------------------------------X
```
CARLOS M. HERRERA, On Behalf of Himself and :
All Others Similarly Situated,                           :  Civil Action No. 08 CV 01066
                                                         :  Honorable William J. Martini, U.S.D.J.
                        Plaintiff,     :  Honorable Clair C. Cecchi, U.S.M.J.
                                                         :
               vs.                            :
                                                         :
WYETH, WYETH SAVINGS PLAN                                 :
COMMITTEE, WYETH SAVINGS PLAN                             :  *Electronically Filed*
PUERTO RICO COMMITTEE, WYETH                              :
RETIREMENT COMMITTEE, ROBERT ESSNER, :
BERNARD POUSSOT, PAUL J. JONES,                          :
KENNETH J. MARTIN, RENE R. LEWIN,                        :
LAWRENCE STEIN, MARY KATHERINE                           :
WOLD, KAREN L. LING and UNKNOWN                          :
FIDUCIARY DEFENDANTS 1-30,                               :
                                                         :
                 Defendants.          :
```
-------------------------------------------------------------x
```

## STIPULATION AND ORDER

**WHEREAS**, Plaintiff commenced the above-captioned action (the "Herrera Action") by the filing of a Complaint on or about February 27, 2008 (the "Complaint"); and

**WHEREAS**, on May 9, 2008, Plaintiff and Defendants (collectively the "Parties") filed a joint motion to transfer the Herrera Action to the United States District Court for the Southern District of New York ("Motion to Transfer"); and

**WHEREAS**, upon receipt of the Court's decision on the Motion to Transfer, the Parties intend to file a stipulation setting forth a deadline for Plaintiff to file an amended complaint;

**IT IS HEREBY STIPULATED** and **AGREED** as follows:

1.     Defendants are not required to move, answer, or otherwise respond to the Complaint.

2.     This stipulation may be exercised in counterparts and by facsimile signatures.

Dated:  May 9, 2008

CONNELL FOLEY LLP

By: *Daren Mc Nally*
_____

Daren S. McNally
85 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 535-0500
Facsimile: (973) 535-9217

CO-COUNSEL
Michael J. Chepiga
Lynn K. Neuner
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Defendants*

Dated: May 9, 2008

LITE DEPALMA GREENBERG & RIVAS, LLC

By: _____

Joseph J. DePalma
Katrina Carroll
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858

CO-COUNSEL
Thomas J. McKenna
GAINEY & MCKENNA
295 Madison Avenue
New York, New York 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383

and

Stephen J. Fearon Jr.
SQUITIERI & FEARON LLP
32 East 57th Street, 12th Floor
New York, New York 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553

*Attorneys for Plaintiff*

**IT IS SO ORDERED:**

Dated: 5/12/08

_____
William J. Martini
United States District Judge

- 3 -

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS M. HERRERA, On Behalf of Himself And All Others Similarly Situated, ) ) ) ) ) | |
| Plaintiff, ) | Civil Action No. 08-cv-01066 |
| vs. ) | Honorable William J. Martini, U.S.D.J. |
| ) | Honorable Claire C. Cecchi, U.S.M.J. |
| WYETH, WYETH SAVINGS PLAN COMMITTEE, WYETH SAVINGS PLAN-PUERTO RICO COMMITTEE, WYETH RETIREMENT COMMITTEE, ROBERT ESSNER, BERNARD POUSSOT, PAUL J. JONES, KENNETH J. MARTIN, RENÉ R. LEWIN, LAWRENCE STEIN, MARY KATHERINE WOLD, KAREN L. LING and UNKNOWN FIDUCIARY DEFENDANTS 1-30, ) ) ) ) ) ) ) ) ) ) | **ORDER** *Electronically Filed* |
| Defendants. ) | |

 

**THIS MATTER** having come before the Court on the Parties' Joint Motion to Transfer and the Parties having consented to this application; and for good cause having been shown,

**IT IS** on this 2 day of May, 2008

**ORDERED** that the Parties' Joint Motion to Transfer is GRANTED; and

**ORDERED** that the Clerk shall transmit a copy of this Order to counsel for the parties.

Honorable William J. Martini, U.S.D.J.

1945866-01

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### OFFICE OF THE CLERK
50 WALNUT STREET
NEWARK, NEW JERSEY 07101

**CAMDEN OFFICE**
1 JOHN F. GERRY PLAZA
CAMDEN, NJ 08101

WILLIAM T. WALSH
Clerk

**TRENTON OFFICE**
402 EAST STATE STREET
ROOM 2020
TRENTON, NJ 08608

OFFICE OF THE CLERK
USDC FOR THE
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street
New York, NY 10007

REPLY TO: <u>NEWARK</u>

5/15/08

Re: HERRERA V WYETH, ETAL
**Civil Docket No.** 08-1066

Dear Clerk:

The above-captioned case has been transferred to your court pursuant to the enclosed Certified copy of the Order dated 5/12/08. Also enclosed is a Certified Copy of the Docket Sheet. You can obtain the original record by accessing CM/ECF through PACER . Kindly acknowledge receipt on the duplicate of this letter, which is provided for your convenience.

Very truly yours,

WILLIAM T. WALSH, Clerk

By: Jane DelleMonache
Deputy Clerk

RECEIPT ACKNOWLEDGED BY: _____ DATE: _____.

YOUR CIVIL DOCKET NUMBER: _____.