Sullivan, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CARLOS M. HERRERA, On Behalf of Himself
And All Others Similarly Situated,

                 Plaintiff,

vs.

WYETH, WYETH SAVINGS PLAN
COMMITTEE, WYETH SAVINGS PLAN-
PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER,
BERNARD POUSSOT, PAUL J. JONES,
KENNETH J. MARTIN, RENE R. LEWIN,
LAWRENCE STEIN, MARY KATHERINE
WOLD, KAREN L. LING and UNKNOWN
FIDUCIARY DEFENDANTS 1-30,

                 Defendants.
----------------------------------------------------------x

Case No. 1:08-cv-04688 (RJS)



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/18/08

## STIPULATION AND AGREED CONFIDENTIALITY ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, that the following provisions of this Stipulation and Agreed Confidentiality Order (the "Stipulation and Order") shall govern disclosure and use by the undersigned parties of all documents, testimony, and other materials and information (collectively, "Discovery Materials") in this action:

    1.    When used in this Stipulation and Order, the word "document" shall include, without limitation, all original written, recorded, electronic or graphic materials, and all copies thereof. A party, person, or entity that produces or discloses Discovery Materials in connection with this action is a "Disclosing Party."

    2.    All Discovery Materials produced or disclosed in this action shall be used solely for the prosecution and/or defense of this action. Any person or entity in possession of Confidential Discovery Materials (as defined below) shall maintain those materials in a

1

reasonably secure manner, so as to avoid disclosure of their contents.

3. Any Discovery Materials produced or disclosed in connection with this action by a Disclosing Party that it considers in good faith to be confidential in accordance with Rule 26(c) may be designated "Confidential" by the Disclosing Party. Discovery Materials designated "Confidential" shall be referred to herein as "Confidential Discovery Materials."

4. The "Confidential" designation set forth in paragraph 3 of this Stipulation and Order may be made at or prior to the time of production of documents by stamping the word "Confidential" on each page of the Discovery Materials to be deemed confidential, or, in the case of depositions, as provided in paragraph 5 below. Inadvertent failure to designate materials as Confidential at the time of production may be remedied by supplemental written notice. If such notice is given, all documents, materials or testimony so designated shall be fully subject to this Stipulation and Order as if they had been initially designated as Confidential. The inadvertent production of any document or information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, and no party shall be held to have waived any claims or arguments under the inadvertent production doctrine. If a Disclosing Party believes that a privileged document was inadvertently produced, the Disclosing Party shall so notify the party to whom the document was produced in writing and within 7 days of receipt of such notification the parties shall meet and confer in an effort to resolve any disagreements. If the parties cannot resolve their disagreement, the Disclosing Party may apply to the Court within 10 days of the meet and confer for a ruling on the Disclosing Party's claim of inadvertent production. No document produced and subsequently made subject to a claim of privilege, work product protection or other immunity shall be introduced into evidence, marked as an exhibit at a

2

deposition or otherwise used in this action after the Disclosing Party asserts such a claim, unless and until such claim has been withdrawn or overruled by the Court through the resolution process described above. The production of any document during discovery in this action that, absent such production, would have been in whole or in part privileged or otherwise immune from disclosure, will not waive the privilege, work product protection or other immunity from disclosure as to any material not produced, regardless of its subject matter.

5. A Disclosing Party may designate as "Confidential" any portion of a deposition transcript deemed to contain confidential information. The Disclosing Party shall advise the court reporter and counsel of record of the beginning and end of the testimony containing confidential information, either orally at the deposition or in writing no later than thirty days after the date on which the transcript is available from the court reporter for distribution to counsel. Until the expiration of the thirty day period, the parties shall treat the entire transcript as Confidential Discovery Material. The reporter shall mark on the face of the transcript the beginning and end of any portions thereof designated "Confidential." At the request of the Disclosing Party, the court reporter shall prepare a separate original transcript that does not contain the Confidential Discovery Material. Copies of the transcript for counsel's use may contain both the confidential testimony and other testimony in a single volume.

6. No Discovery Material designated "Confidential" under paragraphs 3 through 5 of this Stipulation and Order shall be disclosed, directly or indirectly, to any person other than:

(a) the Court, necessary Court personnel, and jurors;

(b) the named parties (including senior representatives of the named parties) and Court-appointed class representatives in this action, but only insofar as reasonably necessary

for the prosecution and defense of this action;

  (c) the undersigned attorneys and partners, associates and employees of the undersigned attorneys' law firms who are working on this litigation;

  (d) in-house attorneys for any named party to this action and regular employees of the in-house legal department of any named party in this action;

  (e) court reporters transcribing depositions or testimony in this action;

  (f) persons who are or were actual authors or recipients of the Discovery Material to be disclosed;

  (g) any expert retained or consulted by any party in connection with this action and those working under their direction or control;

  (h) persons (and counsel for such persons) of whom testimony is taken or is to be taken in this action, provided that (i) confidential documents and information may be disclosed to such person only in preparation for, review of, or in the course of his or her testimony, and (ii) such person shall not retain the Confidential Discovery Materials after his or her testimony is concluded; and

  (i) outside vendors or service providers retained by a party, such as copy service providers or litigation support providers.

  7. All persons to whom Confidential Discovery Materials are disclosed pursuant to subparagraph 6(g) above shall, prior to disclosure, be advised of the contents of this Stipulation and Order and shall agree to be bound by its terms. Each such person shall be required to execute a certification evidencing that agreement in the form attached as Exhibit A. All persons to whom Confidential Discovery Materials are disclosed solely pursuant to subparagraph 6(h) above shall be given a copy of this Order and shall be instructed that he or she

is bound by the terms of this Stipulation and Order, unless the Disclosing Party consents to the disclosure of the Confidential Discovery Materials to such person or the Court so orders.

        8.      In the event that counsel for any party or non-party determines to file in or submit to this Court any Confidential Discovery Materials, information derived therefrom, or any papers containing or making reference to such information, such Confidential Discovery Materials or any documents containing such confidential information shall be filed only in sealed envelopes on which shall be endorsed the caption of this action and a statement substantially in the following form:

> CONFIDENTIAL
> FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY ORDER
> DATED _____, 2008.

All materials filed under seal shall be available to the Court and to counsel for the parties for viewing and/or copying. In the event counsel for any party or non-party intends to use or make reference to Confidential Discovery Materials in open court, counsel shall so advise the Court and counsel for the other parties at or before the hearing. Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not confidential and need not be preserved under seal.

        9.      If at any time any Confidential Discovery Materials governed by this Stipulation and Order are subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed shall promptly give written notice, and include a copy of the subpoena or request, to the Disclosing Party. The person to whom the subpoena is directed also shall provide the Disclosing Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection for the Confidential Discovery Materials, before the

5

person to whom the subpoena is directed takes any action to comply with the subpoena.

10. If at any time a party objects to a designation of information as Confidential under this Stipulation and Order, the objecting party shall notify the Disclosing Party in writing. The objecting party shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection. Within ten (10) calendar days of the receipt of such notice, the Disclosing Party and objecting party shall meet and confer in an effort to resolve their differences. If the parties cannot resolve their disagreement, any party may apply to the Court within 10 days of the meet and confer for a ruling as to whether the Confidential designation is appropriate or for other appropriate relief. The Disclosing Party shall have the burden of showing that the document or information is confidential under Rule 26(c). Nothing in this Stipulation and Order shall be construed as preventing any party from objecting to the designation of any document as Confidential or preventing any party from seeking further protection for any material it produces in discovery.

11. Within forty-five (45) days after entry of an Order finally terminating this action, including all appeals, copies of all Confidential Discovery Materials shall either be destroyed, or upon request of the Disclosing Party, returned to the Disclosing Party, at the Disclosing Party's expense. Counsel shall certify in writing that such Confidential Discovery Materials have been destroyed or returned. This obligation shall not apply to pleadings, motions, briefs and supporting affidavits (although the obligation shall apply to any Confidential Discovery Materials attached to such pleadings, motions, briefs or supporting affidavits).

12. This Stipulation and Order shall not be construed to affect in any way the admissibility of any document, testimony or other evidence at trial or hearing of this litigation.

13. Each party shall have the responsibility, through counsel, to advise the

6

Disclosing Party of any losses or compromises of the confidentiality of information or documents governed by this Stipulation and Order. It shall be the responsibility of the party that lost or compromised the Confidential Discovery Materials of a Disclosing Party to take reasonable measures to limit the loss or unauthorized disclosure.

14. Nothing in this Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials or information designated as Confidential.

15. Any non-party producing Discovery Materials in this action may be included in this Stipulation and Order by endorsing a copy of this Stipulation and Order and delivering it to the requesting party who, in turn, will file it with the Court and serve it upon counsel for the other parties.

16. In the event that additional persons become parties to this action, such parties shall not have access to Confidential Discovery Materials produced by or obtained from any Disclosing Party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Stipulation and Order and agree to be bound by its terms.

17. This Stipulation and Order shall not prevent any party from applying to the Court for further or additional protective orders or from agreeing with the other parties to modify this Order, subject to approval of the Court.

Dated: August 14, 2008

SIMPSON THACHER & BARTLETT LLP
By: _____
Michael J. Chepiga
Lynn K. Neuner
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Defendants*

SQUITIERI & FEARON LLP

By: _____ 8/14/08
Stephen J. Fearon Jr.
32 East 57th Street, 12th Floor
New York, New York 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553

CO-COUNSEL
Thomas J. McKenna
GAINEY & MCKENNA
295 Madison Avenue
New York, New York 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383

CO-COUNSEL
Joseph J. DePalma
Katrina Carroll
LITE DEPALMA GREENBERG & RIVAS, LLC
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858

*Attorneys for Plaintiff*

SO ORDERED.

Dated: August 15, 2008

_____
Richard J. Sullivan
United States District Judge

8

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
CARLOS M. HERRERA, On Behalf of Himself
And All Others Similarly Situated,

                            Plaintiff,

    vs.

WYETH, WYETH SAVINGS PLAN
COMMITTEE, WYETH SAVINGS PLAN-
PUERTO RICO COMMITTEE, WYETH
RETIREMENT COMMITTEE, ROBERT ESSNER,
BERNARD POUSSOT, PAUL J. JONES,
KENNETH J. MARTIN, RENE R. LEWIN,
LAWRENCE STEIN, MARY KATHERINE
WOLD, KAREN L. LING and UNKNOWN
FIDUCIARY DEFENDANTS 1-30,

                          Defendants.
------------------------------------------------------------x

Case No. 1:08-cv-04688 (RJS)

## CERTIFICATION

    I certify my understanding that Confidential Discovery Materials are being provided or may be provided to me pursuant to the terms and restrictions of the Stipulation and Agreed Confidentiality Order ("Stipulation and Order") dated August ___, 2008, in the above-captioned case. I further certify that I have received and read the Stipulation and Order, and I agree to be bound by its terms.


Dated: _____        _____
                                                Name