UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CARLOS M. HERRERA, On Behalf of Himself   :
And All Others Similarly Situated,        :
                                          :
                        Plaintiff,        :
        vs.                               :
                                          :
WYETH, WYETH SAVINGS PLAN                 :
COMMITTEE, WYETH SAVINGS PLAN-            :   Case No. 08 Civ. 4688 (RJS)
PUERTO RICO COMMITTEE, WYETH              :
RETIREMENT COMMITTEE, ROBERT ESSNER, :
BERNARD POUSSOT, PAUL J. JONES,           :
KENNETH J. MARTIN, RENÉ R. LEWIN,         :
LAWRENCE STEIN, MARY KATHERINE            :
WOLD, KAREN L. LING and UNKNOWN           :
FIDUCIARY DEFENDANTS 1-30,                :
                                          :
                        Defendants.       :
                                          :
-----------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-21-13

## ORDER AND FINAL JUDGMENT

This action having come before the Court on May 17, 2013, for a hearing (the "Fairness Hearing") on Plaintiff's motion for an order granting final approval of the proposed settlement (the "Settlement") of this litigation (the "Litigation"), as preliminarily certified as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) for settlement purposes only; the proposed Plan of Allocation in accordance with the Stipulation of Settlement dated December 21, 2012 (the "Stipulation"); and Plaintiff's motion for an award of attorneys' fees and for reimbursement of expenses and for a case contribution award for Plaintiff; and the Court having read and considered these motions, heard the arguments of counsel, granted preliminary approval of the Settlement by Order dated January 3, 2013 (Dkt No. 78) (the "Preliminary Approval Order"), and considered all objections raised; and all Parties having consented to the entry of this Order;

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement dated December 21, 2012 (the "Stipulation").

2. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Litigation, including all members of the Settlement Class.

3. The Court determines that Plaintiff is asserting claims on behalf of the Wyeth Savings Plan, the Wyeth Union Savings Plan, and the Wyeth Savings Plan – Puerto Rico (the "Plans"), pursuant to ERISA §§ 409, 502(a)(2), and 502(a)(3), to recover losses alleged to have occurred as a result of Defendants' breaches of fiduciary duty and to seek other equitable relief.

4. The Court determines that the Settlement, which includes the payment of $2,000,000.00 on behalf of Defendants, has been negotiated vigorously and at arm's length by and between Class Counsel and Defendants' counsel. The Court further finds that, at all times, Plaintiff has acted independently and that Plaintiff and Class Counsel have fairly and adequately represented the Settlement Class in connection with the Litigation and the Stipulation. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

5. The Court finds that the Plans' participation in the Settlement is on terms no less favorable than those of Plaintiff and the Settlement Class and that the Plans do not have any additional claims above and beyond those asserted by Plaintiff that are released as a result of the Settlement. The Court also finds that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plans, the Plans' participants, and all beneficiaries. Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiff on behalf of the

Plans and the Settlement Class does not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. § 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75632 (2003).

6. The Court hereby approves and confirms the Settlement embodied in the Stipulation as constituting a fair, reasonable, and adequate settlement and compromise of this Litigation in accordance with all applicable law, including Federal Rule of Civil Procedure 23, and orders that the Stipulation shall be effective, binding, and enforced according to its terms and conditions.

7. The Court determines that the Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order and in accordance with the Stipulation, is the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such Notice provides valid, due and sufficient notice of the Fairness Hearing and of the other matters set forth therein, including the terms of the Stipulation and the Settlement, and such Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

8. The Court also has received a declaration attesting to the mailing of the notices pursuant to the Class Action Fairness Act of 2005 ("CAFA"), and has received a statement from the Independent Fiduciary (i) stating that it has determined that the Settlement does not constitute a prohibited transaction under Section 406(a) of ERISA, or (b) stating that it has determined that all of the conditions of Prohibited Transaction Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United

States Department of Labor, 68 Fed. Reg. 75,632 (the "Class Exemption") have been satisfied and that the Plans should participate in the Settlement and granting a written release of the Released Claims in its capacity as a fiduciary of the Plans and for and on behalf of the Plans coextensive with the release from the Plaintiff and the members of the Settlement Class.

9. The Court hereby approves the maintenance of the Litigation as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the class being defined as:

> All persons who were participants in or beneficiaries of the Wyeth Savings Plan, the Wyeth Union Savings Plan, or the Wyeth Savings Plan – Puerto Rico and who held Wyeth common stock through their Plan accounts at any time between January 31, 2006 and September 29, 2008, excluding any of Defendants and any of Defendants' legal representatives, heirs, predecessors, or assigns.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court also hereby confirms its prior appointment of Plaintiff as the representative of the Settlement Class and of Squitieri & Fearon LLP and Gainey & McKenna as Class Counsel.

10. Based on the Settlement, the Court hereby dismisses the Complaint and the Litigation against Defendants with prejudice on the merits.

11. As of the date of Final Settlement Approval, the Plaintiff, the Plans, and each member of the Settlement Class, on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors and assigns, shall be deemed to have released any and all claims of any nature whatsoever (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification, or any other type or nature of legal or equitable relief) against all Defendants, and the current or former officers, directors, employees,

insurers and their re-insurers, administrators, representatives, attorneys, affiliates, parent corporations (including specifically Pfizer Inc. ("Pfizer")), subsidiaries, predecessors, successors, committees, trustees, managers, fiduciaries, conservators, estates, legatees, assigns or agents of any Defendant, including without limitation, current or former members of Wyeth or Pfizer's boards of directors, current or former members of the Wyeth Savings Plan Committee, Wyeth Savings Plan – Puerto Rico Committee, and Wyeth Retirement Committee, and any fiduciaries of the Plans (the "Released Parties"), whether accrued or not, whether already acquired or acquired in the future, whether known or unknown, in law or equity, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim or otherwise, arising out of any or all of the acts, omissions, facts, matters, transactions or occurrences that are, were or could have been alleged, asserted, or set forth in the Amended Complaint or the Litigation, or that are related in any way to any of the allegations or claims asserted in the Amended Complaint or the Litigation, including but not limited to claims that Defendants and/or any fiduciaries of the Plans breached ERISA fiduciary duties in connection with (a) the acquisition and holding of Wyeth stock by the Plans or the Plans' participants, (b) the appointment and/or monitoring of the Plans' fiduciaries with regard to Wyeth or Wyeth stock, (c) the provision of information to the Plans' fiduciaries or participants and beneficiaries of the Plans regarding Wyeth or Wyeth stock, or (d) the loyalty of the Plans' fiduciaries regarding Wyeth or Wyeth stock (the "Released Claims"). The Released Claims do not include any claims at issue in *Cancel Morales, et al. v. Pfizer Inc., et al.*, No. 3:12-cv-01050 (D.P.R.), or *In re Pfizer Inc. ERISA Litigation*, 04 Civ. 10071 (S.D.N.Y.), or the Securities Action.

12.    As of the date of Final Settlement Approval, Defendants, including their present or former agents, employees, attorneys, accountants, representatives, advisers, investment

bankers, trustees, parents, heirs, estates, executors, administrators, successors and assigns, shall be deemed to have released the Plaintiff Released Parties from any and all claims relating to the institution or prosecution of the Litigation or the settlement of any Released Claims, except that this release shall not include any claims relating to the covenants or obligations set forth in this Stipulation. The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or that could have been asserted by Plaintiff, the Settlement Class, and the Plans with respect to the Released Claims, and agree that, except as expressly set forth herein, each party shall bear his, her or its own costs and expenses, including attorneys' fees.

13. As of the date of Final Settlement Approval, all release provisions within the Stipulation shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action. Further, Plaintiff assumes for himself and on behalf of the Settlement Class, and Defendants assume for themselves, the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any of the Parties' entry into the Stipulation.

14. As of the date of Final Settlement Approval, Plaintiff, the Settlement Class, and the Plans, and their respective heirs, executors, administrators, successors and assigns are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any claims related to the Litigation and from asserting, maintaining, or enforcing any actions in any court or other tribunal alleging any and all Released Claims against any and all Released Parties.

15. Class Counsel are hereby awarded attorneys' fees in the amount of $664,019.42 (the "Attorneys' Fees"). The Attorneys' Fees have been determined by the Court to be fair, reasonable and appropriate. No other fees may be awarded to Class Counsel in connection with

the Stipulation. The Attorneys' Fees shall be paid to Class Counsel in accordance with the terms of the Stipulation. Class Counsel are authorized and directed to allocate and distribute the Attorneys' Fees among counsel in a manner that reflects each firm's contribution to the institution, prosecution, and settlement of the Litigation.

16. Class Counsel are hereby awarded reimbursement of expenses in the sum of $2,647.24 (the "Attorneys' Expenses"). The Attorneys' Expenses have been determined by the Court to be fair, reasonable, and appropriate. No other costs or expenses may be awarded to counsel in connection with the Stipulation. The Attorneys' Expenses shall be paid to Class Counsel in accordance with the terms of the Stipulation.

17. Plaintiff is hereby awarded a case contribution award in the amount of $5,000.00. The case contribution award has been determined by the Court to be fair, reasonable and appropriate. In addition to the case contribution award, Plaintiff is also eligible for a share of the payment from the Settlement Fund as a member of the Settlement Class. Other than these payments, no other award shall be awarded to Plaintiff in connection with the Stipulation. The case contribution award shall be paid to Plaintiff in accordance with the terms of the Stipulation.

18. The Court determines that to the best extent possible, Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, as codified at 28 U.S.C. § 1715.

19. The Plan of Allocation for the distribution of the Net Settlement Fund, as submitted by the Parties, is approved as fair, reasonable and adequate.

20. The Court finds that the payment and distribution of the Settlement Amount, as allocated in the Agreement, is a "restorative payment" as defined in IRS Revenue Ruling 2002-45.

21. Without affecting the finality of this Order and Final Judgment, the Court shall retain continuing jurisdiction over (a) the implementation, administration, and consummation of the Stipulation; (b) the Litigation until each and every act agreed to be performed by the Parties to the Stipulation shall have been performed in accordance with the Stipulation; and (c) all Parties to the Litigation and the Stipulation for the purpose of taking such other actions as may be necessary to conclude and administer this Settlement and to implement and enforce the Stipulation.

Dated: May 21, 2013
      New York, New York

_____
RICHARD J. SULLIVAN
United States District Court Judge